LRA 200

The Chicago and Northwestern Railway Company

*v.*

The City of Chicago.

*Filed at Springfield June 19, 1893—Rehearing denied January 9, 1894.*

1. EMINENT DOMAIN—CITIES AND VILLAGES—*election of remedy.* If cities and villages may elect between the condemnation proceedings prescribed by the act relating to eminent domain and the act relating to cities and villages, their election of one excludes all the provisions of the other, and they will not be obliged to proceed partly under both.

2. SAME—*section 2 of statute construed.* Section 2 of the Eminent Domain act refers to cases where the right to take private property for public use has been or shall be conferred by general law or special charter. It does not include cases where the general law or special charter prescribes the particular mode of condemning the property, in addition to conferring the right to condemn it.

3. SAME—*right to file petition by city.* Where the city council has passed an ordinance providing for an improvement, and it appears that private property must be taken or damaged in order to make the improvement, the right to file a petition for condemnation arises without the performance of any other conditions.

4. SAME—*jurisdiction—of the petition—inability to agree.* Section 2 of the Eminent Domain act, which requires the petition to condemn to state that the compensation for the land taken or damaged can not be agreed upon by the parties interested, does not apply to a case where a city files its petition to condemn under article 9 of the Cities and Villages act. That article and section 2 of the former act are not to be construed as *in pari materia.*

5. SAME—*under the Cities and Villages act—effect of judgment—payment essential.* Under section 14 of article 9 of the Cities and Villages act, the judgment rendered upon the verdict of the jury, or upon the finding of the court where a jury is waived, in a proceeding to condemn, is not a lawful and sufficient condemnation of the property until the amount of the verdict or finding is paid.

6. Such judgment merely fixes the amount of damages caused by the improvement as the amount of compensation to be paid to the owner for the taking of his property. Of itself, it does not pass the title of the property sought to be condemned, to the petitioner seeking to condemn it. It is only a conditional judgment. Its completeness as working a condemnation depends upon the subsequent payment of the award by the petitioner.

| | |
|---|---|
| 148 | 141 |
| 149 | 268 |
| 149 | 495 |
| 149 | 535 |
| 151 | 366 |
| 154 | 658 |
| 148 | 141 |
| 158 | 44 |
| 148 | 141 |
| 57a | 562 |
| 58a | 551 |
| 148 | 141 |
| 60a | 584 |
| 148 | 141 |
| 166 | 433 |
| 148 | 141 |
| 168 | 111 |
| 148 | 141 |
| 169 | 162 |
| 171 | 359 |
| 172 | 190 |
| 148 | 141 |
| 176 | 134 |
| 176 | 347 |
| 148 | 141 |
| 182 | 402 |
| 148 | 141 |
| 88a | 442 |
| 148 | 141 |
| d187 | 26 494 |
| 148 | 141 |
| a189 | 26 556 |
| 148 | 141 |
| 94a | 14 568 |
| 148 | 141 |
| 192 | 9 583 |
| 148 | 141 |
| f99a | 25 439 |
| 148 | 141 |
| 195 | 9 213 |
| 195 | 14 603 |
| 197 | 25 323 |
| 100a | 25 418 |
| 148 | 141 |
| 201 | 23 70 |
| 148 | 141 |
| 204 | 18 195 |

7. The rights of the parties are mutual. Whenever the corporation is entitled to take the land, its former owner is equally entitled to the money. The right to the money accrues *eo instanti* with the right to take the land. Hence it is improper to render judgment against the petitioner for a recovery of the money, or to award execution upon the judgment.

8. The judgment fixing the amount of compensation is not the final step in a condemnation proceeding, although an appeal is allowed, by statute, from such judgment. Even after such judgment is affirmed the city may still refuse payment and abandon the proposed improvement, and when payment is not made until after the affirmance of the judgment, the order for possession, entered upon proof of the payment, is the final order in the proceeding.

9. The judgment as to the amount of the compensation is made final and conclusive, by the terms of section 14 of article 9, as to the damages which will be caused by the proposed improvement, but it is not final and conclusive upon the question whether those damages have been paid, so as to justify an entry into the possession of the property. Upon this question the order provided for in section 15 is the final order in the case, and in order to determine whether it is such a final order as may be appealed from, it is necessary to determine whether it is entered merely to execute the judgment fixing the amount of the damages.

10. Where a judgment fixing the compensation, in a proceeding by a city under article 9 of the act relating to cities and villages, has been rendered without appeal, or has been affirmed on appeal, it can not be said that the trial court has nothing to do but to execute such judgment. The judgment being conditional, the trial court can do nothing until the condition is performed, which is the payment of the compensation or damages awarded. On payment, the judgment will ripen into a legal condemnation. A reasonable time will be allowed for the performance of the condition.

11. The proceeding provided for in section 15 of article 9 is something more than a mere mode of executing the judgment fixing the amount of damages. Such proceeding is supplementary to the judgment, and is a consequence, not of the judgment alone, but of the judgment in connection with the act of payment, and as made complete thereby.

12. Same—*opening the judgment after its affirmance on appeal.* The judgment of condemnation of land for the extension of a street, after being affirmed on appeal or writ of error, can not be opened for the purpose of showing that a greater compensation should have been allowed than that which was adjudged to be just and sufficient.

13. SAME—*direction as to payment of money awarded.* Where the record shows that the city seeking to condemn land for a street came, by its counsel, into open court, and in the presence of counsel for the defendant, whose property was sought to be taken or damaged, paid the award into the hands of the clerk of the court, and the final order for the possession of the property recites the fact of such payment, this will be sufficient, without any previous order directing the payment to be made. If such an order is necessary, it will be sufficient if made in the original judgment.

14. SAME—*city may abandon proceeding to condemn.* A city filing a petition to condemn land for the extension of a street, is under no legal obligation to pay any money unless it chooses to do so, and it has the right to abandon the improvement. Until payment of the award is made by the city, its right to take possession of the property does not accrue. Compensation must precede the taking of the property.

15. SAME—*appeal from order for possession.* An appeal will lie in a proceeding to condemn land for a street by a city, from the order of possession, when entered, on motion of the petitioner, after the judgment fixing the amount of the compensation has been affirmed.

16. An appeal from the order of possession, in a proceeding to condemn, after judgment of affirmance of the amount of compensation awarded, brings up for review only the proceedings which are subsequent to the judgment fixing the compensation.

17. SAME—*statute construed as to delay by appeal.* The last clause of section 14 of article 9 of the act relating to cities and villages, which provides that no appeal or writ of error shall delay the proceedings under the ordinance of a city or village, if such city or village shall deposit the amount of the judgment and costs, and shall file a bond, etc., has no application to a case where the amount of the damages is paid, and the order for possession was entered after the appeal was disposed of.

18. SAME—*costs of proceeding to condemn—should be paid by petitioner as expenses.* The land owner should not be required to pay the costs reasonably incurred in a proceeding to condemn, which results in taking his property against his will. Such reasonable costs should be included in the expenses which are required to be paid by the petitioner. But when the owner, upon the payment into court of the compensation awarded, and upon motion for an order for possession, does not make objection that he has not been paid his costs, it may be presumed that such costs have been paid, or at least that the owner thereby waives the right to insist upon the non-payment as error.

19. MUNICIPAL CORPORATIONS—*powers depend on legislative grant.* Municipal corporations possess no powers not conferred upon them, expressly or by fair implication, by the law of their creation, or other

statutes applicable to them. Those representing a city can exercise only such powers in its name and on its behalf as are expressly conferred by its organic laws, or as an incidental power, and necessary to carry into effect the objects of the incorporation.

20. SAME—*acquiring property for public improvement by contract.* A city or village has no authority of law to acquire property necessary for a public improvement, as, the extension of a street, by means of private contracts with the owners. Such city or village must pursue the mode provided in article 9 of the act relating to cities and villages.

21. STATUTES—*when construed together.* The rule that a statute should be interpreted in the light of and with reference to other statutes *in pari materia,* is a rule of construction, and is resorted to for the purpose of harmonizing statutes which seem to conflict, or of explaining words and phrases which seem to be obscure.

22. SAME—*rule of construction.* Where the necessity exists for construing two acts as one statute, the rule is, that the special mention of one thing indicates that it was not intended to be covered by a general provision, which would otherwise include it.

23. Where there is in the same statute a particular enactment, and also a general one, which, in its most comprehensive sense, would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment.

24. JUDGMENT—*proceedings under final judgment or decree.* Where a decree or judgment is final, the proceedings under it are only a mode of executing it, like the award of an execution. A decree of foreclosure and sale is final, while the report and confirmation of the sale is merely a mode of enforcing the creditor's rights.

25. SAME—*when final.* A judgment or decree is final when it terminates the litigation between the parties on the merits of the case, so that when affirmed by the reviewing court, the court below has nothing to do but to execute the judgment or decree it has already entered, and when the complainant or plaintiff is entitled to have the decree or judgment carried immediately into execution.

26. REMEDY—*cumulative defined—election.* A cumulative remedy is a remedy created by statute in addition to one which still remains in force ; and when a statute gives a new remedy, and contains no negative, express or implied, of the old remedy, the new one provided is cumulative, and the party may elect between the two.

27. STIPULATION—*that judgment shall abide the decision of another appealed from.* Where two judgments are entered against a railway company in condemnation proceedings by a city, and an appeal is taken in one case, and a stipulation is filed to the effect that the other

judgment shall be affirmed or set aside accordingly as the former case may be decided, if the judgment is affirmed in the case appealed from the judgment in the other case will be treated as affirmed by this court, and an appeal in such other case will involve only the proceedings subsequent to the entry of the original judgment therein.

Appeal from the Circuit Court of Cook county; the Hon. Francis Adams, Judge, presiding.

This is a proceeding begun by the City of Chicago in the Circuit Court of Cook County to open Hoyne Avenue in that city across the right of way of the appellant company. The cause was tried by agreement before the court without a jury. Judgment was rendered on July 22, 1891, finding the just compensation to be paid by the city to be $1.00, and "adjudging that said owner shall accept from said city * * * such sum as is so awarded, * * * and that, upon payment into this court by the said city of the said sum of money for the use of the owner, * * * or upon proof made to or before the court that the said sum of money has been paid to the owner * * * the city * * * shall have the right at any time thereafter to take possession of and damage the property in respect to which such compensation shall have been paid or deposited." The contents of the original and cross petitions, and the terms and amount of the judgment, and all the other facts preceding the rendition of said judgment, are the same as in *C. & N. W. Ry. Co.* v. *City of Chicago*, 140 Ill. 309, except that, in the latter case, the street opened across the right of way was West Taylor Street, and not Hoyne Avenue.

The judgment so entered in the present case on July 22, 1891, recites, at the close of it, that the railroad company excepted thereto, and prayed an appeal therefrom to this Court, which was granted upon the filing of an appeal bond and a bill of exceptions in forty days from said date. The record shows that, on August 25, 1891, an order was entered, by stipulation of the parties, extending the time for filing said

10—148 Ill.

bond and bill until September 17, 1891.   The record further shows, that on September 3, 1891, there was filed in this cause a stipulation, signed by the attorney for the City and the attorney for the railroad company, which is as follows :'

"Whereas, a judgment has been rendered by the Circuit Court of Cook county in the case of the City of Chicago against the Chicago and North Western Railway Company *et al.*, for opening Taylor street across the property and right of way of the defendant, from which judgment the defendant has appealed to the Supreme Court of the State of Illinois; and whereas, a like judgment has been rendered in the above entitled case for opening a street across the property and right of way of the defendant herein; and whereas, the same question exists in the above entitled case as in the case for the opening of Taylor street:

"Now, therefore, it is stipulated and agreed that the defendant need not prosecute an appeal from the judgment in the above entitled suit, but that the proceedings therein shall be stayed until the decision and final judgment in the said Taylor street case shall be entered by the Supreme Court, and that the judgment in the above entitled suit shall abide by said decision of the Supreme Court, and if reversed, then the judgment in this case shall be set aside, upon motion, in the Circuit Court; if affirmed, then the city may proceed with the execution of said judgment, the same as if it had been affirmed by the Supreme Court."

This Court affirmed the judgment in the West Taylor Street case, the opinion therein having been filed on January 18, 1892.   (*C. & N. W. Ry. Co.* v. *City of Chicago, supra*).   Thereafter, on May 14, 1892, the city came into the said Circuit Court by its attorney and paid into court the sum of $1.00, the amount of compensation theretofore found for the taking and damaging of the defendant's property, and moved for an order of possession, which motion was taken under advisement by the Court.   The company objected to the motion "for

an order allowing the city of Chicago to take possession of the premises," and filed two written objections thereto, presenting an affidavit in support of said objections, and offering to prove that the company was the owner in fee of said premises. The court, upon objection by the city, refused to receive the offered proof, to which ruling exception was taken.

Thereafter on May 21, 1892, the Court entered an order, wherein, after reciting that the City and the Company came by their respective attorneys, and that the proceeding came on to be heard upon the motion of petitioner for an order that the City should have the right at any time thereafter to take possession of and damage the property in respect to which the compensation had been theretofore therein awarded, etc., it was ordered as follows:

"And it appearing to the court that the sum of money, to-wit, one dollar, heretofore found and adjudged by the court to be just compensation for the taking and damaging of the said property of the defendant herein by the said improvement, has been paid into this court as directed by this court, and the court being fully advised in the premises, doth order and adjudge that the city of Chicago, petitioner herein, have the right to take possession of and damage the said lot, piece or parcel of land or property in respect to which such compensation has been so deposited, * * * for the purpose of said improvement, and is hereby authorized, and may, at any time after the entry of this order, take possession thereof and damage the same for the purpose of said improvement. And thereupon the defendant prayed an appeal, which was allowed on condition that the defendant file a bond, in the penalty of $500, with William C. Goudy as surety, and a bill of exceptions, within thirty days."

. The bill of exceptions contains the following statement: "Mr. Gilbert, assistant counsel for the corporation, the city of Chicago, then in open court handed to the clerk some bank bills, when Mr. Goudy, the counsel for the defendant, inquired

what amount he had handed the clerk, and Mr. Gilbert replied, 'Nine dollars, being one dollar for each of nine cases in which such an order was asked.'" The bill of exceptions recites, that said motion of petitioner was allowed and an order for possession was entered, "to which decision of the Court in allowing the motion and entering the order the defendant then and there excepted."

The present appeal is prosecuted from the order so as aforesaid entered on May 21, 1892.

Mr. W. C. Goudy, for the appellant:

An appeal lies from the order and judgment entered May 21, 1892, it being a final order. *Avery* v. *Babcock,* 35 Ill. 175; *Sloo* v. *State Bank,* 1 Scam. 438; *Stuart* v. *People,* 3 id. 403; *Wells* v. *Hogan,* Breese, 264; *Hyde Park* v. *Dunham,* 85 Ill. 562; *Kilmer* v. *People,* 106 id. 529; *McCormick* v. *Park Comrs.* 118 id. 658.

Authority to condemn property for public use must be strictly pursued, and the form prescribed must also be strictly followed. Lewis on Eminent Domain, sec. 253; *Stewart* v. *Wallis,* 30 Barb. 344; *Marsh* v. *Chestnut,* 14 Ill. 225; *Mitchell* v. *Railroad and Coal Co.* 68 id. 286; *Railroad Co.* v. *Smith,* 78 id. 98; *Hyslop* v. *Finch,* 99 id. 183; *Wheeler* v. *Chicago,* 24 id. 107; *Railroad Co.* v. *Wiltse,* 116 id. 456; *Insurance Co.* v. *Slee,* 123 id. 91; *Reed* v. *Railway Co.* 126 id. 52.

As to the costs made by the land owner in defending, see Lewis on Eminent Domain, sec. 559; *Railroad Co.* v. *Dunlap,* 47 Mich. 456; *Railroad Co.* v. *Gross,* 31 Hun, 83; *Railroad Co.* v. *Bull,* 20 Ill. 218; *Trustees* v. *Chicago,* 12 id. 403; *Morris* v. *Chicago,* 11 id. 650.

There was no jurisdiction in the circuit court to enter the order and judgment, for want of an averment in the petition of an inability to agree as to the compensation and damages. *Reed* v. *Railway Co.* 126 Ill. 48; *O'Hara* v. *Railroad Co.* 139 id. 151.

Several statutes that are *in pari materia* are to be construed as one statute, in explaining their meaning and import. *Patterson* v. *Winn*, 11 Wheat. 385; "*The Harriet*," 1 Story, 251; *United States* v. *Heroes*, Crabbe, 307; *Dubois* v. *McLean*, 4 McLean, 489; *United States* v. *Collin*, 3 Blatch. 325; *Alexander* v. *Mayer*, 5 Cranch, 1.

The Appellate Court act, establishing such courts and conferring jurisdiction, and the amendments and additions to the Practice act, passed at the same session, being *in pari materia*, are to be construed together, so that every part of both may stand together and harmonize, and the provisions of each have a sensible and intelligent effect. *Young* v. *Stearns*, 91 Ill. 221.

Endlich, in his Interpretation of Statutes, (sec. 43) says: "Where there are earlier acts relating to the same subject, the survey must extend to them, for all are, for the purposes of construction, considered as forming one homogeneous and consistent body of law, and each of them may explain and elucidate every other part of the common system to which it belongs."

Sec. 45. "The rule requiring the interpretation of a statute in the light of and with reference to others *in pari materia*, has a peculiarly appropriate application to acts upon such kindred subjects passed at the same session of the legislature. (*Black* v. *Scott*, 2 Brock. 325; *Smith* v. *People*, 47 N. Y. 330; *State* v. *Rockley*, 2 Blackf. 249.) Indeed, in construing a statute, the entire scope of the legislation *in pari materia* of that session should be drawn into consideration. (*Carver* v. *Smith*, 90 Ind. 227.) * * * And two acts passed on the same day, relative to the same subject matter, are to be read together, as though they were parts of the same enactment." *People* v. *Jackson*, 30 Cal. 427; *Chandler* v. *Lee*, 1 Idaho, 349.

Sec. 47. "Not only is the latter act construed by the earlier, but it sometimes furnishes a legislative interpretation of the earlier." *United States* v. *Freeman*, 3 How. 56; *Penitentiary Co.* v. *Nelms*, 65 Ga. 67.

Mr. John S. Miller, and Mr. Charles C. Gilbert, for the appellee:

No appeal lies from the order of May 21, 1892, awarding possession of the land under section 15 of article 9 of the Cities and Villages act, the order being purely ministerial and in execution of the original judgment. 2 Tidd's Pr. (3d Am. ed.) 1140, 1141; *Kingsbury* v. *Sperry*, 119 Ill. 279.

There was no error in overruling the appellant's objection to that order.

Mr. Justice Magruder delivered the opinion of the Court:

The appellee makes a motion to dismiss the present appeal upon the alleged ground that the order for possession entered by the court below is not an appealable order. Hence, the first question to be considered is whether the case is properly here by appeal from said order.

We are relieved from the necessity of considering the effect of the stipulation between the attorneys of the parties upon the right of the appellant to prosecute this appeal by the following admission made by the counsel for the City in their brief: "We do not contend that this stipulation prevents the railway company from alleging any errors in the proceedings subsequent to the entry of the condemnation judgment, provided otherwise this appeal lies, and it is competent to bring such proceedings before this court for review. So that if the order here appealed from, namely, the order for possession, was appealable, then we do not contend that the stipulation cuts off such appeal." Inasmuch, however, as the judgment in the Taylor Street case, reported as *C. & N. W. Ry. Co.* v. *City of Chicago*, 140 Ill. 309, was affirmed, the judgment entered in the case at bar, on July 22, 1891, which fixed the amount of compensation, is to be treated as also affirmed by this Court under the terms of the stipulation. The questions here presented are, therefore, limited to the proceedings subsequent to said judgment.

This proceeding is under the provisions, in regard to emi-nent domain, of article 9 of the City and Village Act. Section 14 of that article provides, that "any final judgment or judg-ments rendered by said Court upon any finding or findings of any jury or juries shall be a lawful and sufficient condemna-tion of the land or property to be taken upon the payment of the amount of such finding as hereinafter provided. It shall be final and conclusive as to the damages caused by such im-provement, unless such judgment or judgments shall be ap-pealed from," etc. (1 Starr & Cur. Ann. Stat. page 491). It is manifest from this language, that the judgment rendered upon the verdict of the jury, or upon the finding of the judge when the jury is waived, is not a lawful and sufficient con-demnation of the property until the amount of the verdict or finding is paid. Such judgment merely fixes the amount of damages caused by the improvement, or the amount of com-pensation to be paid to the owner for the taking of his property. Of itself, it does not pass the title of the property, sought to be condemned, to the petitioner seeking to condemn it. It is only a conditional judgment. Its completeness, as working a condemnation of the land, depends upon the future payment of the award by the petitioner. The latter may not choose to make such payment. The city, filing the petition, is under no legal obligation to pay any money, unless it chooses to do so; and it has the right to abandon the improvement. (*St. L. & S. E. R. W. Co.* v. *Teters*, 68 Ill. 144; *Glennon* v. *C., M. & St. P. Ry. Co.* 79 id. 501; *City of Chicago* v. *Barbian*, 80 id. 482; *City of Bloomington* v. *Miller*, 84 id. 621.)

Until payment of the award is made by the city, its right to take possession of the property does not accrue. Compensa-tion must be paid before the property is taken. "The rights of the parties are mutual. Whenever the corporation is en-titled to take the land, its former owner is equally entitled to the money. The right to the money accrues *eo instanti* with the right to take the land, otherwise compensation would not

first be made." *(Wagner* v. *Railway Co.* 38 Ohio St. 32). Hence, it is improper to render judgment against the petitioner for a recovery of the money, or to award execution upon the judgment. *(St. L. & S. E. R. W. Co.* v. *Teters, supra).* It follows from these observations, that the judgment fixing the amount of compensation is not the final step in the condemnation proceeding. It is true, that an appeal may be taken from such judgment, but upon such appeal the question before the reviewing court is simply the question of compensation. By special provision of the statute, that subject may be passed upon by an appellate tribunal before payment is made or the right to possession accrues. Even after the judgment fixing the damages is affirmed, the city may still conclude to refuse payment and abandon the improvement. *(Village of Hyde Park* v. *Dunham,* 85 Ill. 569). Where payment is not made until after the affirmance of the judgment, the order for possession entered upon proof of the payment is the final order in the proceeding. Section 15 of said article 9 is as follows: "The court, upon proof that said just compensation so found by the jury has been paid to the person entitled thereto, or has been deposited as directed by the court (and bond given in case of any appeal or writ of error), shall enter an order that the city or village shall have the right, at any time thereafter, to take possession of or damage the property in respect to which such compensation shall have been so paid or deposited, as aforesaid."

We have said: "It is a well settled rule in equity practice, as well as in proceedings at common law, that no appeal lies from any interlocutory order merely, in either court. There must be a final decree, order or judgment to justify an appeal." *(Gage* v. *Eich,* 56 Ill. 297; *Hunter* v. *Hunter,* 100 id. 519.) The statute also provides that appeals and writs of error shall lie from final judgments, orders or decrees. (1 Starr & Cur. Ann. Stat. chap. 37, sec. 8, p. 702). The judgment as to the amount of the compensation is made final and conclusive by

the terms of said section 14 as to the damages caused by the
improvement, but it is not final and conclusive upon the ques-
tion whether those damages have been paid so as to justify
an entry into the possession of the property. Upon this ques-
tion the order provided for in section 15 is the final order in
the case; and, in order to determine whether it is such a final
order as may be appealed from, it is necessary to determine
whether it is entered merely to execute the judgment fixing
the amount of the damages. A judgment or decree is said to
be final when it terminates the litigation between the parties
on the merits of the case, so that, when affirmed by the review-
ing court, the court below has nothing to do but to execute
the judgment or decree it had already entered; *(Bostwick* v.
*Brinkerhoff,* 106 U. S. 3; *Grant* v. *Phœnix Ins. Co.* id. 429;
*St. L., I. M. & S. R. R. Co.* v. *Southern Ex. Co.* 108 id. 24);
and when the complainant or plaintiff is entitled to have the
decree or judgment carried immediately into execution. *(For-
gay* v. *Conrad,* 6 How. 201; *Thomson* v. *Dean,* 7 Wall. 342).
Where a decree or judgment is final, the proceedings under it
are only a mode of executing it, like the award of an execu-
tion. For example, a decree of foreclosure and sale has been
held to be final, and the subsequent report and confirmation
of the sale to be merely a mode of enforcing the rights of the
creditor. *(Whiting* v. *U. S. Bank,* 13 Pet. 6; *Grant* v. *Phœ-
nix Ins. Co. supra).* When a judgment, fixing the amount of
compensation in a condemnation proceeding under said arti-
cle 9, has been rendered without appeal, or has been affirmed
on appeal, it cannot be said that the trial court has nothing
to do but to execute such judgment. The judgment being
conditional, the trial court can do nothing until the condition
is performed. The condition is, that the petitioner pay the
amount of the damages. Neither the trial court, nor any of its
officers, has the power to perform this condition. The judg-
ment does not become absolute until the petitioner exercises
the option of paying the award or abandoning the improve-

ment. It depends upon the will of the petitioner whether the judgment ever ripens into a legal condemnation of the property. It has been held, that a reasonable time will be allowed for a compliance with the condition. (*City of Chicago* v. *Barbian, supra*). Therefore, the owner of the property is not entitled, under the authorities upon this subject, to have the judgment carried immediately into execution.

It follows, that the proceeding provided for in said section 15 is something more than a mere mode of executing the judgment fixing the amount of damages. Such proceeding is supplementary to the judgment, and is a consequence not of the judgment alone, (*Beebe* v. *Russell*, 19 How. 283), but of the judgment in connection with the act of payment, and as made complete thereby. Before the order for possession can be made, the machinery of the court must be put in motion, not by the inherent power of the directions contained in the judgment, but by the payment of the damages thereby awarded either to the owner, or into court for his benefit, and by proof of such payment. Hence, we are inclined to think that an appeal will lie from the order of possession, when entered on motion of the petitioner after the judgment fixing the amount of the compensation has been affirmed.

It is claimed by counsel for appellee, that the allowance of an appeal (or writ of error) from the order for possession nullifies the provision contained in the last clause of said section 14 which is as follows: "but no appeal or writ of error upon the same shall delay proceedings under said ordinance, if such city or village shall deposit, as directed by the court, the amount of the judgment and costs, and shall file a bond in the court in which such judgment was rendered, in a sum to be fixed and with security to be approved by the judge of said court, which shall secure the payment of any future compensation, which may at any time be finally awarded to such party so appealing or suing out such writ of error, and his or her costs." It is said, that the purpose of this clause, which

is to prevent a delay of the proceedings, will be defeated if an appeal can be taken from the order for possession. The case at bar is one where the amount of the damages was paid, and the order for possession was entered after the appeal was disposed of, and therefore the portion of section 14 last above quoted has no application here. It will be time enough to consider the case of an appeal from an order for possession, entered before the taking of an appeal or the suing out of a writ of error, when such case arises.

It is urged by counsel for appellant, that the Court below erred in overruling the railroad company's objections to the motion of the City for an order allowing it to take possession of the premises or, in other words, to extend Hoyne Avenue across the company's tracks. Only two objections were made by the company to said motion. The first was, that the only compensation, which had been allowed the company for the extension of the avenue or street across its premises, was such damage as it might suffer from being deprived of the partial use of said premises as a right of way. The second objection was, that, as the company was the owner in fee of the premises across which the street was to be opened, it should have been allowed compensation for such damages as it would suffer from the loss of the right to use the same for any and every lawful purpose. It is manifest, that these objections have reference to the amount of compensation, which was allowed to the company by the first judgment entered on July 22, 1891. Section 14 makes that judgment "final and conclusive as to the damages caused by such improvement." The damages thereby awarded include compensation for everything involved in the exercise of the right to extend the street. The judgment after being affirmed cannot be opened for the purpose of showing that a greater compensation should have been allowed than that which was adjudged to be just and sufficient. As has already been stated, the present appeal is from the order of possession, and brings up for review only the pro-

ceedings which are subsequent to the judgment fixing the compensation. We are, therefore, of the opinion that the court below committed no error in overruling the objections to the motion.

Counsel for appellant say, that there was no direction of the court as to the payment of the compensation awarded. The bill of exceptions shows, that counsel for the City came into open Court and, in the presence of counsel for the railroad company, paid the award into the hands of the clerk. The payment so made was for the use of appellant, and the money could be drawn out by it at any time. The final judgment entered on May 21, 1892, recites the fact of such payment, and under the circumstances this was sufficient without the previous entry of an order directing the payment to be made. If, however, such an order was necessary, it was theretofore made in the original judgment entered on July 21, 1892, where it was directed "that, upon payment into this Court by the said City of the said sum of money for the use of the owner * * * the city * * * shall have the right at any time thereafter to take possession," etc.

The objection is made, that the final judgment entered on May 21, 1892, does not provide for the payment of the costs, as well as for the payment of the amount awarded as compensation. The constitution, in providing that "private property shall not be taken or damaged for public use without just compensation," could not have intended to require the owner to pay the costs reasonably incurred in the proceeding which results in the taking of his property against his will. Such reasonable costs should be included in the expenses, which are required to be paid by the petitioner seeking condemnation. It is so held by the authorities. (*C. & M. R. R. Co.* v. *Bull,* 20 Ill. 218; *Dolores No. 2 Land & Canal Co.* v. *Hartman,* 17 Col. 138; Lewis on Em. Dom. sec. 559; *T. A. A. & G. T. R. R. Co.* v. *Dunlap,* 47 Mich. 456; *Matter of, etc. N. Y., W. S. & B. R. Co.* 94 N. Y. 287.)

Section 33 of the Act in regard to Fees and Salaries (1 Starr & Cur. Stat. page 1135) provides for the payment of $6.00 for costs by the plaintiff, and $1.50 for costs by the defendant, in counties having a population exceeding 70,000 inhabitants. The only costs claimed to have been paid by appellant, and which, as it insists, should have been paid by the City, is the sum of $1.50 advanced by the company in the court below. The bill of exceptions does not show the payment of the $1.50, but upon the authority of *Miller* v. *Superior Machine Co.* 79 Ill. 450, it may be presumed that said sum was paid by the defendant below. While it was the duty of the City to have paid to the clerk this amount of costs, so advanced by the company, when the compensation awarded by the judgment was paid, yet we think that the company has waived the right to insist upon its non-payment as error.

The motion for an order of possession made by the city on May 14, 1892, recites the payment into court of the compensation theretofore awarded. The recital of such payment is a part of the motion. The company filed two specific written objections to the allowance of the motion as above stated, but it did not make the objection that the payment of costs did not accompany the payment of the compensation. If it had done so, the attorney for the City would undoubtedly have handed the amount of the costs to the clerk. When the amount of the award was paid into court, the counsel for the company was present, and inquired what sum had been handed to the clerk, and, upon being told what the sum was, made no objection, or suggestion, that the costs were not included. As the Company made written objections to the motion, it will be presumed that such written objections covered all the points which it intended to insist upon. If it had intended to bring before this Court the fact of the non-payment of the costs, it should have embodied the statement of such fact in the objections filed below. There is no exception to any ruling of the court below upon the subject of costs, which brings the

action of the court in reference to that matter before us for review.

It is furthermore urged, that there was no jurisdiction in the Circuit Court to entertain this proceeding because the petition for condemnation does not allege, that the compensation to be paid could not be agreed upon by the parties interested. Without stopping to consider whether this objection, if originally tenable, can be made at this stage of the proceeding, we are satisfied that it does not apply to a case where a city files its petition to condemn under article 9 of the City and Village Act. We have held that a failure to agree with the owner must be alleged in a petition filed under the Eminent Domain Act, (Rev. Stat. chap. 47; 1 Starr & Cur. Stat. page 1041), because section 2 of that Act makes such failure to agree a condition precedent to the exercise of the right to condemn. But no such requirement is to be found in any of the sections of said article 9, which prescribe the mode of condemning property for local improvements by cities and villages. (Rev. Stat. chap. 24, art. 9, secs. 3 to 15; S. & C. Stat. pp. 488 to 491).

It is claimed, however, that the Eminent Domain Act and the City and Village Act were both passed on the same day and went into force at the same time, and are *in pari materia*, and must therefore be construed together. Section 2 of the Eminent Domain Act provides "that in all cases where the right to take private property for public use without the owner's consent, or the right to construct or maintain any public road, railroad     *     *     *     · or other public work or improvement,     *     *     *     has been heretofore or shall hereafter be conferred by general law or special charter upon any corporate or municipal authority, public body, officer or agent, person, commissioner or corporation, and the compensation to be paid     *     *     *     cannot be agreed upon by the parties interested,     *     *     *     it shall be lawful     *     *     *     to apply to the judge of the circuit or county court     *     *     *     by filing with the clerk a petition setting forth," etc.     Sections 3 and 4

of article 9 of the City and Village Act provide as follows:
"3. Should said ordinance" (providing for the making of any
local improvement) "provide for improvements which require
the taking or damaging of property, the proceeding for making
just compensation therefor shall be as follows: 4. Whenever
any such ordinance shall be passed by the legislative authority
of any such city or village, for the making of any improvement
mentioned in the first section of this Act, *or any other local
improvement that such city or village is authorized to make,* the
making of which will require that private property be taken
or damaged for public use, such city or village shall file a
petition in some court of record," etc.

Counsel invokes the general rule, that a statute should be
interpreted in the light of, and with reference to, other stat-
utes *in pari materia,* for the purpose of importing from the
Eminent Domain Act into the City and Village Act the words:
"and the compensation to be paid * * * cannot be agreed
upon by the parties interested." The rule thus invoked is a
rule of construction, and is resorted to for the purpose of har-
monizing statutes which seem to conflict, or explaining words
and phrases which seem to be obscure. It is not necessary,
however, to construe these two acts together for the purpose
of harmonizing or explaining them. If the necessity existed
for construing the two acts as one statute, the rule that "the
special mention of one thing indicates that it was not intended
to be covered by a general provision which would otherwise
include it," is clearly applicable here. (Endlich on Int. of
Stat. sec. 399). The special mode, by which cities and vil-
lages are authorized to condemn property for local improve-
ments, would indicate that the legislature did not intend to
include cities and villages under the general provisions of
the Eminent Domain Act, which are, in terms, applicable to
municipalities of all kinds. "Where there is in the same stat-
ute a particular enactment, and also a general one, which, in
its most comprehensive sense, would include what is embraced

in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment." (Idem).

But we do not think that the two Acts are to be construed together as one. Each prescribes a separate and distinct procedure for the condemnation of property. The sixteenth section of the Eminent Domain Act contains the following proviso: "this Act shall not be construed to repeal any law or part of law upon the same subject passed by this General Assembly; but in all such cases this Act shall be construed as providing a cumulative remedy." (1 Starr & C. Stat. page 1053). Bouvier, in his Law Dictionary, defines a cumulative remedy to be "a remedy created by statute in addition to one which still remains in force." If the remedy provided by the Eminent Domain Act is additional to that prescribed by the City and Village Act, the former is not, either in whole or in part, one with the latter, nor can any of the provisions of the former be regarded as belonging to the latter. "Where a statute gives a new remedy * * * and contains no negative, express or implied, of the old remedy, the new one provided by it is cumulative, and the party may elect between the two." (Sutherland on Stat. Cons. sec. 399; Endlich on Inter. of Stat. sec. 218). If cities and villages may elect between the condemnation procedures prescribed by the two Acts, their election of one excludes all the provisions of the other, and they are not obliged to proceed partly under both.

Section 2 of the Eminent Domain Act refers to cases where the right to take private property for public use has been or shall be conferred by general law or special charter. It does not include cases where the general law or special charter prescribes a particular *mode* of condemning the property, in addition to conferring the *right* to condemn it.

The City and Village Act did not go into effect immediately as to all cities and villages, but it went into effect, as to those

which adopted it, from the time of such adoption. Section 54 of article 9 of the Act provides, that "any city or incorporated town or village may, if it shall so determine by ordinance, adopt the provisions of this article without adopting the whole of this Act; and, where it shall have so adopted this article, it shall have the right to take all proceedings in this article provided for, and have the benefit of all the provisions hereof." (1 S. & C. Stat. page 506). The City of Chicago adopted the provisions of said article on September 4, 1872. (*People* v. *Pierce*, 90 Ill. 85). Where a city adopting the article secures the right to take all proceedings provided for therein, it secures the right to take the condemnation proceedings therein provided for as therein prescribed, and not as qualified, or changed, or added to, by some other Act.

Article 9 does not say, that a city may file a petition to condemn when the compensation cannot be agreed upon between it and the owner. No such condition precedent is prescribed. The city which has adopted article 9 has a right to whatever benefit there may be in not being required to attempt to make such an agreement. Where the city council has passed an ordinance providing for the improvement, and when it appears that private property must be taken or damaged in order to make the improvement, the right to file the petition for condemnation arises without the performance of any other conditions. Municipal corporations possess no powers not conferred upon them, expressly or by fair implication, by the law of their creation, or other statutes applicable to them. "Those representing the city can exercise only such powers in its name and on its behalf as are expressly conferred by its organic laws, or as are incidental and necessary to carry into effect the objects of the incorporation." (*City of Springfield* v. *Edwards*, 84 Ill. 634.)

Usually, the failure to agree with the owner is made a condition precedent to the exercise by private corporations of the power of eminent domain with which they have been clothed.

11—148 Ill.

But "in the case of municipal corporations and those acting on behalf of the public, there is no power to agree unless it is given by statute either expressly or by implication. Such corporations and public agents must pursue strictly the mode pointed out by law. The public having through the legislature pointed out how property shall be acquired and how the amount of compensation and damages shall be ascertained for property taken by the public for public use, the agents of the public should not be allowed to depart from the course so laid down." (Lewis on Em. Dom. sec. 288 and cases in notes; 2 Dill. on Mun. Corp.—4 ed.—sec. 605). Section 2 of the Eminent Domain Act confers no power upon cities and villages to agree with the owner as to compensation, but only requires that an effort to so agree shall be made where the power already exists. On the contrary, sections 2 and 4 of article 6 of the City and Village Act negative the existence of any such power. Section 2 requires the city council, within the first quarter of each fiscal year, to pass an appropriation bill to defray the expenses and liabilities of the city during the year; and section 4 forbids the making of any contract or incurring of any expense unless an appropriation shall have been previously made. In *City of Chicago* v. *Shepard,* 8 Brad. 602, the late Justice McAllister said: "The City of Chicago could not, under said Article 9, have made this improvement by acquiring the property necessary for that purpose by means of private contracts with property owners. Such a practice would inevitably lead to favoritism and corruption. Hence, the statute has prescribed a specific manner of acquiring such property; and, by the rules of construction, it impliedly forbids the thing being done in any other way."

We are, therefore, of the opinion that the petition in this case was not defective in not alleging a failure of the city to agree with the owner as to compensation.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*