## GEORGE E. P. DODGE
### *v.*
## THE CITY OF CHICAGO.

*Opinion filed February 18, 1903.*

1. STATUTES—*particular provision controls general one.* Of two provisions of a statute, one applying to cases generally and the other to a particular subject, the latter will prevail as to such subject, and is treated as an exception to the general provision.

2. SPECIAL ASSESSMENTS—*improvement recommendation need not be signed by secretary and president of board.* Section 9 of the Local Improvement act authorizes the signing, by at least a majority of the members of the improvement board, of the recommendation for an improvement, and the same need not be signed by the president and secretary as in case of the instruments required by section 6 to be so signed.

APPEAL from the County Court of Cook county; the Hon. W. T. HODSON, Judge, presiding.

FRANKLIN P. SIMONS, and SCHUYLER C. REBER, for appellant.

EDGAR BRONSON TOLMAN, (CHARLES M. WALKER, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county overruled the objections of appellant to a special assessment upon his real estate to pay for the improvement of Thirteenth street from the east line of State street to the west curb line of Indiana avenue, in the city of Chicago, and entered judgment confirming said assessment. This appeal was taken from said judgment.

No ordinance for any local improvement to be paid for by special assessment can be considered or passed by the city council unless the same has been recommended by the board of local improvements of the city, and appellant contends in this case the recommendation did not

authorize the city council to consider or pass the ordi-
nance. The recommendation, omitting the description of
the proposed improvement, was as follows:

"*To the Mayor and Aldermen of the City of Chicago, in City Coun-
   cil Assembled:*

   "We hereby submit an ordinance for the improvement * * *
together with an estimate of the cost of said improvement,
and recommend the passage of said ordinance and the making
of the improvement contemplated therein.

   "Respectfully submitted,

|  |  |
|---|---|
| A. SCHONBECK, | *Board of Local* |
| A. M. LYNCH, | *Improvements of* |
| E. McGAFFEY, | *the City of Chicago.* |
| JOHN A. MAY, |  |

Dated Chicago, April 21, A. D. 1902."

The objection made to the recommendation is, that
it was not the recommendation of the board of local im-
provements, but only of the four individuals who signed
it, with their personal description as the board of local
improvements of the city of Chicago annexed to their
signatures. It is contended that the recommendation by
the board must be signed by the president and secretary.
There is a provision in section 6 of the act concerning
local improvements, for the execution by the president
and secretary of contracts, bonds, vouchers, pay-rolls,
and all other papers, documents and instruments neces-
sary to carry the act and all proceedings thereunder into
full force and effect; but in reference to recommendations
to the city council there is a special provision in sec-
tion 9, as follows: "With any such ordinance, presented
by such board to the city council * * * shall be pre-
sented also a recommendation of such improvement by
the said board, signed by at least a majority of the mem-
bers thereof." (Hurd's Stat. 1901, p. 378.) It is an estab-
lished rule in the construction of statutes that where
there are two provisions, one of which is general and
designed to apply to cases generally, and the other is
particular and relating to one subject, the particular
provision must prevail and be treated as an exception to

the general provision. (*Chicago and Northwestern Railway Co.* v. *City of Chicago,* 148 Ill. 141; *People* v. *Rose,* 166 id. 422; *Dahnke* v. *People,* 168 id. 102; *People* v. *Kipley,* 171 id. 44.) That rule applies in this case, where there is a general provision designed to apply to the execution of instruments generally, and another relating to the particular subject of executing recommendations to be presented to the city council. Under the well settled rule the particular provision governs as to such recommendations.

The judgment of the county court is affirmed.

*Judgment affirmed.*