FRANK HANDTOFFSKI, Defendant in Error, *vs.* THE CHI-
CAGO CONSOLIDATED TRACTION COMPANY, Plaintiff in
Error.

*Opinion filed June 22, 1916—Rehearing denied October 5, 1916.*

1. LIMITATIONS—*provisions of section 12 of the Limitation act must be read as a part of sections 13, 14 and 15.* The provisions of section 12 of the Limitation act that the "following actions can only be commenced within the periods hereinafter prescribed, except when a different limitation is prescribed by statute," must be considered and read as a part of sections 13, 14 and 15.

2. SAME—*action for damages for injury to person must be begun within two years though form of action is assumpsit.* While section 15 of the Limitation act, considered alone, is broad enough to apply the limitation of five years to an action for personal injury against a carrier which is brought in assumpsit on the implied contract, yet, when such section is considered with sections 12 and 14, the limitation for bringing an action for personal injury must be held to be two years, (when no other limitation is imposed by statute as respects particular cases,) whether the form of the action is in tort or assumpsit.

3. SAME—*when an action for personal injury is barred.* Where an action in tort for personal injury is begun against a receiver,

and more than two years after the injury occurred another party is made defendant, the form of the action is changed to assumpsit and the suit is dismissed as to the receiver, leaving the new party sole defendant, the action is barred under section 14 of the Limitation act.  (*Bates* v. *Bates Machine Co.* 230 Ill. 619, explained.)

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding.

WEYMOUTH KIRKLAND, and F. L. KRIETE, (W. W. GURLEY, and J. R. GUILLIAMS, of counsel,) for plaintiff in error.

EMERY S. WALKER, and JULIUS LIMBACH, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Defendant in error, Frank Handtoffski, herein designated as plaintiff, brought an action in case on September 2, 1907, in the superior court of Cook county, against Marshall E. Sampsell, receiver of the Chicago Union Traction Company, for personal injuries received by him, alleged in the declaration to have been caused by the negligence of said company's agents in suddenly starting with a jerk a certain car which plaintiff was then boarding as a passenger, and by the negligence of said receiver in not keeping the handle-bars which plaintiff caught hold of in boarding said car securely fastened and tightened. On September 23, 1910, more than two years after the happening of plaintiff's injury, alleged to have occurred August 28, 1907, on motion of plaintiff's counsel it was ordered that the Chicago Consolidated Traction Company, plaintiff in error and hereinafter referred to as the defendant, be made an additional party defendant, and a summons in case was served on the defendant. On motion of the plaintiff's counsel the form of action was changed from case to assumpsit. The

summons was changed accordingly, and on September 30, 1910, an amended declaration in assumpsit of three counts was filed against Sampsell, as receiver, and the Chicago Consolidated Traction Company. On June 13, 1913, the suit was dismissed as to said receiver, and the amended declaration was amended so as to leave the Chicago Consolidated Traction Company as the sole defendant. The amended declaration as amended averred, in substance, that the defendant, the Chicago Consolidated Traction Company, was a common carrier of passengers for hire and was the owner and operating divers lines of street railway in Chicago; that on August 28, 1907, in consideration that the plaintiff would take passage in a certain street car operated by defendant in Elston avenue, the defendant undertook and promised to safely carry the plaintiff and to use due care and diligence in carrying him; that plaintiff relied on said promise and undertaking, became a passenger on said car and paid to defendant the agreed fare; that the defendant did not regard its said promise and undertaking but wholly neglected and refused to do so, and carelessly and negligently used said car with the handle-bar loose, unstable and out of repair, and started said car with a jerk, whereby the plaintiff was thrown from said car to the ground with great violence and was greatly bruised and injured, etc., to the damage of the plaintiff of $25,000. The second and third counts were the same as the first, except a slight variation as to the negligence charged to defendant. To the amended declaration the defendant filed a plea of the general issue, a plea of not guilty and a special plea of the Statute of Limitations of two years. The plaintiff demurred to the plea of the Statute of Limitations, and the court sustained the demurrer. The defendant elected to stand by its plea. On the trial of the cause the jury returned a verdict of $9200, and the court entered judgment on the verdict. On appeal the judgment was affirmed by the Branch "B" Appellate Court for the First District. A petition for *cer-*

*tiorari* was allowed by this court and the record is brought here for review by a writ of error.

The only point urged for a reversal in the Appellate Court was, and the only error argued in this court is, that the lower court improperly sustained the demurrer to the plea of the Statute of Limitations, except that it is also assigned here as error that the Appellate Court erred in affirming the judgment of the lower court. The real question involved is whether section 14 or section 15 of the Limitation act applies,—that is to say, whether plaintiff's action was barred in two years or in five years from the time the cause of action accrued.

Sections 12, 13, 14 and 15 of the Limitation act (Hurd's Stat. 1913, p. 1576,) read as follows:

"Sec. 12. The following actions can only be commenced within the periods hereinafter prescribed, except when a different limitation is prescribed by statute:

"Sec. 13. Actions for slander or libel shall be commenced within one year next after the cause of action accrued.

"Sec. 14. Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation, shall be commenced within two years next after the cause of action accrued.

"Sec. 15. Actions on unwritten contracts, express or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued."

It will be observed that in sections 13, 14 and 15 the limitations are not based upon the form of the particular action named but on the particular injury sued for or upon the obligation out of which the action grows. The provi-

sions of section 12 are to be considered and read as a part of sections 13, 14 and 15. Section 15, so far as it is material to this controversy, should be read as follows: Actions on unwritten contracts, express or implied, shall be commenced within five years next after the cause of action accrued, except when a different limitation is prescribed by statute. Said section 14 is also to be read that actions for damages for an injury to the person shall be commenced within two years next after the cause of action accrued, except when a different limitation is prescribed by statute. The natural construction of section 14 would seem to be that the limitation for all actions for damages for an injury to the person is fixed at two years next after the cause of action accrued, unless a different limitation is fixed by the statute for a particular character of personal injury, or a personal injury in a particular occupation, or under particular statutes giving damages for personal injuries to certain classes of individuals, such as the Employers' Liability act. Said section 14 clearly fixes the limitation for personal injuries at two years, without any regard to the form of action. There is no indication anywhere in any one of said four sections that a different limitation is to be applied if any one of the particular actions mentioned may be brought in an action *ex delicto* or *ex contractu,* as the pleader may choose. Section 15 is broad enough in its language, when considered alone, to apply the limitation of five years to an action for personal injury when the action is brought on an implied contract, as in this case. When considered, however, with all the above sections of the statute quoted, it is manifestly against the plain intent of the statute to so construe it. Again, said section 14 is a particular provision designed to control actions for damages because of or on account of an injury to the person, regardless of the form of action, and it must prevail over the more general provision made in section 15 and be treated as an exception to that general provision. It is a rule in the

construction of statutes that "where there is in the same statute a particular enactment and also a general one, which in its most comprehensive sense would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment." Endlich on Interpretation of Statutes, sec. 399; *Chicago and Northwestern Railway Co.* v. *City of Chicago,* 148 Ill. 141.

This suit was first brought as an action in tort for a personal injury. The amended declaration made it an action in assumpsit for a tortious breach of an implied contract on the part of the defendant to use the necessary care and precaution to safely carry the plaintiff. It is admitted that the two-year limitation applied to the cause of action, as stated in the first declaration. It is also admitted that the cause of action stated in the amended declaration against this defendant is an action for the identical same injuries to the person of the plaintiff, yet it is contended by the plaintiff that the form of the action determines which one of said two sections of the Limitation act applies, and the case of *Bates* v. *Bates Machine Co.* 230 Ill. 619, is cited in support of that contention. It will be observed, however, that in that case there was a written contract upon which plaintiff therein might have brought his action but did not do so. He brought an action of tort for fraud and deceit, in which action the written contract was only used as evidence and not as the basis of the suit. This court held that in bringing his action for fraud and deceit he was not suing on the contract itself but had waived his right to do so and elected to sue in tort. This court in that case decided that the limitation of ten years did not apply, and could not apply unless the action was on the written contract itself. That ruling is strictly in conformity with our holding in this case, because section 16 of the Limitation act provides that an action on a written contract may be commenced

thereon at any time within ten years next after the cause of action accrued. The form of the action had nothing to do with the fixing of the limitation in that case. The statute provided that the ten-year limitation could only apply when the suit was brought on the written contract, and this court simply decided in that case, as it does in this, that the express provision of that statute fixes the limitation and not the form of the action.

To hold that a suit for damages for an injury to the person when sued for in assumpsit as for a breach of an implied contract may be brought within five years after the cause of action had accrued would be to create arbitrarily a longer period of liability in certain exceptional cases, such as the case at bar, than is established for other cases for personal injuries in which an action in assumpsit will not lie. Other States have refused to so construe statutes of limitation similar to ours in all essential features, and we think they state the correct rule. *Griffin* v. *Woodhead,* 30 R. I. 204; *Webber* v. *Herkimer, etc. Street Railroad Co.* 109 N. Y. 311.

More than two years had elapsed after the cause of action had accrued in this case against the defendant when it was made a new party defendant and when the amended declaration was filed, which proceeding was tantamount to the filing or bringing of a suit against the defendant. The right of action is therefore barred by section 14 of the Limitation act, so far as this record discloses, and the demurrer to said plea should have been overruled.

The judgments of the Appellate and superior courts are reversed and the cause is remanded to the superior court.

*Reversed and remanded.*