(No. 3550—

VELMA BOISMENUE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 13, 1942.*

R. WALLACE KARRAKER, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

ECKERT, J.

The claimant, Velma Boismenue, is employed as an attendant at the Anna State Hospital, a public institution, owned and operated by the State of Illinois under the direction of the Department of Public Welfare. The hospital operates an engine room, boilers, electric dynamos, has a warehouse for the storage of supplies which it receives in quantities and stores for future use, maintains a dairy barn, bales hay, owns and operates mowing machines and tractors, and generates part of its own electricity. On June 12, 1939, while on duty on the hall of H-2 in the old dining room part, claimant slipped on a wet floor and sustained a broken coccyx.

From the time of the accident until November 10, 1939, she was confined to her bed in the employees' hospital, and there underwent an operation. All medical, surgical and hospital services were furnished by the respondent. Claimant was totally incapacitated until August 29, 1940, when she returned to work. When first employed at the institution, on June 26, 1938, her earnings were $52.50 per month.; from January 1, 1939, to July 1, 1939, her earnings were $54.60 per month. While she was confined in the hospital, she was paid $56.70 per month for two months. In addition to her earnings, the record indicates that claimant received monthly maintenance of the value of $24.00. Claimant is over fifty years of age and has no children under sixteen years of age. Her claim is for medical services subsequent to her discharge from the hospital in the amount of $35.00, and for compensation from August 31, 1939, until August 29, 1940, at the rate of $7.50 per week, in the sum of $394.28, or a total sum of $429.28.

Claim was filed herein on October 28, 1940. The respondent thereafter moved to dismiss on the ground that the claim was not filed within one year after the date of the accident, nor within one year after the date of the last payment of compensation, as provided by Section 24 of the Workmen's Compensation Act. This motion was overruled because it was not definitely ascertainable from the complaint whether or not it had been filed in accordance with the provisions of said section. Evidence was then introduced by claimant, and a stipulation entered into between the respective parties in reference to a photostatic copy of warrant covering payment to claimant for services from August 1st to August 31st, 1939. This warrant showed endorsement by the Anna National

Bank of Anna, Illinois, on September 18th, 1939, having been endorsed by the claimant prior to that date. Respondent thereupon renewed its motion to dismiss, which motion is now before the court.

Under Section 3 of the Workmen's Compensation Act, the provisions of that act apply automatically to the State when it is engaged in any of the enterprises therein enumerated and which are declared to be extra-hazardous. It appears from the record in this case that the State, in the operation of the Anna State Hospital, is engaged in such an extra-hazardous enterprise. *Meile* vs. *State,* 9 C. C. R. 170; *Lynch* vs. *State,* 9 C. C. R. 290. The enterprise being extra-hazardous, all employees of the institution come within the provisions of the Act irrespective of whether or not they themselves are directly exposed to the hazard. *Ascher Bros.* vs. *Industrial Commission,* 311 Ill. 258; *Illinois Publishing Company* vs. *Industrial Commission,* 299 Ill. 189. At the time of the injury in question it is apparent that the claimant and respondent were operating under the provisions of the Workmen's Compensation Act, and that the injury arose out of and in the course of employment.

Claimant's application, however, was filed herein more than one year after the date of the last payment of compensation. Section 24 of the Workman's Compensation Act provides as follows:

"* * * Notice of the accident shall give the approximate date and place of the accident, if known, and may be given orally or in writing; *provided,* no proceedings for compensation under this Act shall be maintained unless claim for compensation has been made within six months after the accident, *provided,* that in any case, unless application for compensation is filed with the industrial commission within one year after the date of the accident, where no compensation has been paid, or within one year after the date of the last payment of compensation, where any has been paid, the right to file such application shall be barred. * * *"

It has been repeatedly held by the Illinois Supreme Court that compliance with this section is a condition precedent to the right to maintain proceedings under the Compensation Act. *City of Rochelle* vs. *Industrial Commission,* 332 Ill. 386. *Inland Rubber Company* vs. *Industrial Commission,* 309 Ill. 43. The decisions of this court are to like effect. *Simpson* vs. *State,* 10 C. C. R. 394; *Baker* vs. *State,* 10 C. C. R. 111; *Ray* vs. *State,* 10 C. C. R. 66.

Claimant urges, however, that Section 24 has no relation to, and does not affect the application of a claimant in the Court of Claims, and cites Section 10 of the Court of Claims Act, which provides:

"Every claim against the State, cognizable by the Court of Claims, shall be forever barred unless the claim is filed with the Secretary of the Court within five years after the claim first accrues, saving to infants, idiots, lunatics, insane persons and persons under disability at the time the claim accrued two years from the time the disability is removed."

Claimant states that the employees of the State of Illinois, while entitled to the benefits of the Compensation Act, are not entitled to the procedural relief given by that Act, since they have no right to appear before the Industrial Commission; that if they do not have that right, Section 24 of the Act does not apply, because that section is concerned only with matters of procedure; that for this court to sustain the motion of the respondent would be to hold that an employee of the State has less rights before the Court of Claims than any other claimant; that such a holding would be unfair discrimination and classification; and that if such were the intent of the Legislature, there would be a specific applicable statute of limitations.

The jurisdiction of the Court of Claims, however, in actions for compensation of State employees for accidental injuries is derived from paragraph 6 of Section 6 of the Court of Claims Act which provides:

"To hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by any employee of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the 'Workmen's Compensation Act,' the Industrial Commission being hereby relieved of any duty relative thereto."

The Court of Claims, by virtue of this provision, is vested with the same jurisdiction in claims for compensation of State employees as that possessed by the Industrial Commission in cases of other employment. It is a well-established rule of law that a statute may adopt a part or all of another statute by a specific reference thereto, and the effect thereof is the same as though the statute or part thereof referred to had been written into the adopted statute. *Zurich Accident Insurance Company* vs. *Industrial Commission*, 331 Ill. 576; *Evans* vs. *Illinois Surety Company*, 298 Ill. 101. The terms and provisions of the Workmen's Compensation Act, so far

as they may be applicable, must, therefore, be considered by this court as if they were incorporated bodily into the Court of Claims Act.

The Supreme Court in the case of *Robbins* vs. *Lincoln Park Commissioners*, 332 Ill. 571, stated:

"The rule is, that where there is to be found in a Statute a particular enactment, it is to be held operative as against the general provisions on the subject either in the same act or in the general laws relating thereto. *Handtoffski* vs. *Chicago Traction Company*, 274 Ill. 282; *City of Chicago* vs. *M. & M. Hotel Company*, 248 id. 264; *City of Cairo* vs. *Bross*, 101 id. 475."

In the case of *Handtoffski* vs. *Chicago Traction Company*, 274 Ill. 282, the Supreme Court said:

"It is a rule in the construction of statutes that 'where there is in the same statute a particular enactment and also a general one, which in its most comprehensive sense would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment.' Endlich on Interpretation of Statutes, sec. 399; *Chicago and Northwestern Railway Company* vs. *City of Chicago*, 148 Ill. 141."

Section 10 of the Court of Claims Act, providing, in substance, that every claim against the State, cognizable by the Court of Claims, shall be forever barred unless the claim is filed within five years after the claim first accrues, is a general enactment applying to all claims against the State. Section 24 of the Compensation Act constitutes a special enactment which has reference only to claims against the State "for accidental injuries or death suffered in the course of employment by any employee of the State." The special enactment must prevail over the general five year statute of limitations. *Crabtree* vs. *State*, 7 C. C. R. 207.

This results in a uniform rule with reference to claims for compensation whether made against the State or any other employer. It does not give an employee of the State less rights than another claimant, but gives the State employee the same rights which any claimant has under the Workman's Compensation Act, whether the claim is made in the Court of Claims or before the Industrial Commission. To hold otherwise would be to distort the meaning of Section 6 of the Court of Claims Act and would establish one rule for State employees and an entirely different rule for other employees. The State would be placed on an entirely different basis than the private employer. Clearly the legislative intent was not to make such an unjust distinction, but instead, to

place State employees, as nearly as possible, on the same basis as employees in private industry.

It is unfortunate that claimant, whose case appears to be so meritorious, failed to comply with Section 24 of the Workman's Compensation Act. Having so failed, however, this court is without jurisdiction to make an award. Respondent's motion to dismiss must be granted.

Motion to dismiss allowed, case dismissed.