(No. 3749— )

PHIL SAWICKI, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1943.*

WHITNEY, TEITELBAUM & FREEMAN, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

The complaint states that on July 5, 1938, while claimant was in the act of directing the operation of a concrete mixer he caught his left foot in a Caterpillar tractor. This injury occurred on Dundee Road in Wheeling, Illinois; that the respondent received immediate notice of said injury and subsequently a written report was made to the State of Illinois, Division of Highways, giving the details of said accident.

That as a direct result of said injury to claimant he suffered trauma of his left foot, a compound fracture of the distal end of the fourth metatarsal of said left foot. The wound was closed with several stitches, but claimant developed gas gangrene in his foot and the wound was reopened.

Claimant was unable to work for a considerable length of time and suffered permanent damage and disability as a result of said injury. All medical, surgical and hospital services were paid by the respondent.

The complaint in this case does not comply with rules five (5) and six (6) of this court, and fails to ask for any specific amount of compensation.

Section six (6) of the Court of Claims law provides as follows:

"To hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by an employee of the State, such determination to be made in *accordance with the rules prescribed in the Act,* commonly called the 'Workmen's Compensation Act,' the Industrial Commission being hereby relieved of any duties relative thereto."

Section twenty-four (24) of the Compensation Act is as follows:

"No proceedings for compensation under this Act shall be maintained unless notice of the accident has been given to the employer as soon as practicable, but not later than thirty (30) days after the accident, . . . provided no proceedings for compensation under this Act shall be maintained unless claim for compensation has been made within six months after the accident, provided that in any case, unless application for compensation is filed with the Industrial Commission within one year after the date of the accident, where no compensation has been paid, or within one year after the date of the last payment of compensation, where any has been paid, the right to file such application shall be barred."

These limitations as set forth in Section twenty-four (24) are jurisdictional and unless followed strictly by claimant the Court of Claims is without jurisdiction and an award must be denied.

*Malcolm* vs. *State,* No. 3546, decided September 8th, 1942 and cases cited therein.

Claimant however relies upon Section ten (10) of the Court of Claims Act, which provides as follows:

"Every claim against the State, cognizable by the Court of Claims shall be forever barred unless the claim is filed with the Secretary of the court within five years after the claim first accrues, saving to infants, idiots, lunatics, insane persons, and persons under disability at the time the claim accrued, two years from the time the disability is removed."

There is nothing to indicate in the complaint that this claimant is, or has been under any disability from the date of the injury to the filing of the complaint.

In *Crabtree* vs. *State,* 7 C. C. R. page 207, Section 10 was construed. This opinion was filed May 23, 1933, and has been followed consistently by this court ever since.

In this opinion on pages 211 and 212 the court said:

"It seems clear that this court must, in the first instance, consider and determine the question as to whether there is a liability on the part of the State, and that in such consideration and determination, this court must be governed by the provisions of the Workmen's Compensation Act. In short, this court has the same jurisdiction with reference to claims for compensation for accidental injuries or death suffered in the course of employment by any employee of the State as that possessed by the Industrial Commission in

claims of other persons whose rights must be determined by the Compensation Act."

"Such being the case, the question arises as to the effect of the aforementioned provisions of Section twenty-four (24) of the Compensation Act relative to making claim for compensation within six months, and filing application for compensation within one year after the date of the injury, when considered in connection with Section 10 of the Court of Claims Act which provides that every claim against the State cognizable by the Court of Claims shall be forever barred unless filed within five (5) years after the claim first accrues."

"Section ten (10) of the Court of Claims Act which provides in substance that every claim against the State cognizable by the Court of Claims shall be forever barred unless the claim is filed within five (5) years after the claim first accrues, is a general enactment which has application to all claims against the State. The terms and provisions of Section twenty-four (24) of the Compensation Act constitute a special enactment which has reference only to claims against the State 'for accidental injuries or death suffered in the course of employment by any employee of the State.' Applying such conclusions to this case, the terms and provisions of the special enactment, that is to say the terms and provisions of Section twenty-four (24) of the Compensation Act, must prevail over the general five year Statute of Limitations prescribed in the Court of Claims Act."

> *Lincoln Park Commissioners*, 332, Ill. 571.
> *Handtoffski* vs. *Chicago Traction Co.*, 274 Ill. 282.
> *59 Corpus Juris*, p. 1056.

The making of claims for compensation and the filing of application for compensation within the time required by the Act being a condition precedent to the right of the claimant to maintain this proceeding this court is without jurisdiction to proceed with the hearing.

> *Inland Rubber Co.* vs. *Ind. Com.*, 309 Ill. 43.

The filing of this claim does not comply with Section twenty-four (24) of the Workmen's Compensation Act, therefore the motion of the Attorney General to dismiss this complaint must be sustained.

Complaint dismissed.