Nott, J.,
delivered tbe opinion of tbe court:
These cases are now pending in tbe Supreme Court on appeal. Tbe claimants move for leave to file a replication to a “ special plea” of tbe defendants, nunc pro tuno. Tbe defendants object that tbe record bas gone, up to tbe appellate court, and that tbis court bas lost jurisdiction.
On examining tbe records, we find that the special plea was filed a year after issue joined, and that its existence never came to the knowledge of tbe claimants’ attorney. It is now feared that the special plea may be deemed by tbe Supreme Court to stand confessed, and tbis application is made that tbe record may be formally corrected.
But tbe court, it is said, bas now lost control of tbe record, and jurisdiction of tbe action. A court, however, may always correct its own records, and granting leave to place a paper on file is not an exercise of jurisdiction, nor an interference with tbe proper control of the appellate court. Tbe filing here will, of itself, effect nothing there. When the matter is presented to tbe Supreme Court, if it be deemed improper, or unjust, or unnecessary to give effect to the replication now sought to be filed, that tribunal will undoubtedly refuse to remand tbe cases for tbe correction of tbe record. Meanwhile, it is tbe duty of tbis court to afford to tbe parties all tbe protection in its power, so that a technical defect shall not prevail over substantial justice; nor that stand as confessed on the record which was never supposed by either this court or tbe parties to have been confessed.
Tbe motions must be granted.