(No. 11373.—Reversed and remanded.)

ANTON T. ZEMAN, Appellant, *vs.* HARRY P. DOLAN *et al.* Appellees.

*Opinion filed June 21, 1917.*

1. ELECTIONS—*the act of 1895, giving circuit court concurrent jurisdiction with county court in election contests, does not amend section 98 of Election law.* The act of 1895, giving circuit courts concurrent jurisdiction with the county courts in election contests, does not change or amend section 98 of the Election law but by reference to said section it adopts the provisions thereof without repeating them, which method of enacting laws is proper.

2. STATUTES—*effect of adopting the provisions of one statute by reference thereto in another.* Where portions of one statute are adopted by reference in another, the effect is the same as though the statute or the provision adopted had been incorporated bodily into the act.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

CHARLES M. HAFT, for appellant.

TOLMAN, REDFIELD & SEXTON, (WILLIAM H. SEXTON, and HENRY P. CHANDLER, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, Anton T. Zeman, filed in the circuit court of Cook county his petition for a contest of an election held in the city of Chicago on November 7, 1916, for the election of ten associate judges of the municipal court. He alleged his qualifications for the office and that he was a candidate at the election; that, as shown by the returns of the judges and clerks of election, 194,226 votes were cast for him and 194,391 for Harry P. Dolan, one of the appellees; that votes were counted incorrectly and fraudulently for Dolan and dummy tally-sheets were used in many of the precincts; that in ten of the wards, the numbers of

which were given, the judges and clerks, while the ballots were being counted, made crosses on ballots before the name of Dolan; that in the various precincts of the first ward at least 132 votes more than were cast for Dolan were counted for him and at least 110 votes cast for petitioner were not counted; that there were like frauds and irregularities in various precincts in other wards; that numerous errors and irregularities occurred and that a large majority of the votes legally cast were for the petitioner. The petition then alleged that the canvassing board for the city canvassed the returns and made proclamation thereof, showing the number of votes cast for the petitioner and Dolan as returned by the judges and clerks of election, and it prayed for an answer and a re-count and that the true and correct result of the election might be determined. Harry P. Dolan and various other candidates voted for at the election were made defendants and a number of them filed answers. John J. Rooney, who was a candidate at the election, filed a cross-petition, alleging that he, and not Dolan, was elected. Dolan filed a special demurrer to the petition, setting forth in three specifications that the statute purporting to give jurisdiction to circuit courts to hear election contests concerning the office of associate judge of the municipal court was unconstitutional, and he added to these specifications twenty-nine other grounds of demurrer. The court sustained the claim that the statute was unconstitutional and void as set forth in the first three specifications, and having decided that the court was without jurisdiction, regarded the remaining twenty-nine grounds as superfluous, and the demurrer was sustained and the petition dismissed. From the judgment this appeal was prosecuted.

The case was considered at the April term of this court and the judgment was reversed and the cause remanded to the circuit court for the following reasons:

The sole ground relied upon in support of the judgment is that the act of 1895, giving the circuit court jurisdiction,

is unconstitutional and void. The statute was approved on June 17, 1895, in force July 1, 1895, and is as follows:

"An act to amend sections ninety-seven (97) and one hundred and sixteen (116) of an act entitled 'An act in regard to elections, and to provide for filling vacancies in elective offices.'

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That sections ninety-seven (97) and one hundred and sixteen (116) of an act entitled 'An act in regard to elections, and to provide for filling vacancies in elective offices,' be amended to read as follows:

"Sec. 97. The circuit courts in the respective counties, and in Cook county the superior court also, may have and determine contests of the election of judges of the county court, mayors of cities, presidents of county boards, presidents of villages, in reference to the removal of county seats and in reference to any other subject which may be submitted to the vote of the people of the county, and concurrent jurisdiction with the county court in all cases mentioned in section ninety-eight (98)." (Laws of 1895, p. 170.)

This was followed by section 116 as amended, which does not apply to this case but relates to procedure and the power of the court to make and enforce all necessary orders for the preservation and protection of the ballots, poll-books, tally-papers, returns, registers and other papers or evidence that may bear upon the contest. Section 98, mentioned in the act of 1895, is as follows:

"Sec. 98. The county court shall hear and determine contests of election of all other county, township and precinct officers, and all other officers for the contesting of whose election no provision is made."

The objection to the act of 1895 is that it violates section 13 of article 4 of the constitution, which provides: "No law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall

be inserted at length in the new act." The manner in which it is contended that the act violates that section of the constitution is, that while it is declared to be amendatory of sections 97 and 116, which are inserted at length in the act, it also amends section 98 without purporting to amend it and without inserting that section at length in the new act. The position of counsel for the appellee Harry P. Dolan, who demurred to the petition, is, that a change or amendment was made to section 98 by making the jurisdiction of county courts concurrent instead of exclusive, as it had been previously. It is true that the act of 1895 makes the jurisdiction of circuit and county courts in the specified classes of contests concurrent, instead of exclusive, in the county court, but it does not follow that the jurisdiction of the county court was affected in the slightest manner or any provision of section 98 changed or altered in any particular. Since the enactment, as before, the county court has had jurisdiction to hear and determine contests of election of the various officers mentioned in section 98, undisturbed, unlimited and undiminished in any respect. The act neither confers upon nor takes away from the county court any right whatever and neither enlarges nor restricts its jurisdiction. No case has been found which supports the argument that section 98 was amended. In *People* v. *Stevenson,* 272 Ill. 325, where it was held that the general Incorporation act was amended, it was recognized that the mere fact of reference to that act did not necessarily render the act providing for corporations to carry on real estate agency business a violation of section 13 of article 4. In that case the act providing for the formation of corporations amended both sections 1 and 5 of the general Incorporation act by changing substantially provisions of those sections. Section 1 of the general Incorporation act was materially changed as to the purpose for which corporations might be formed, and section 5 as to the property and estate and the business which could be carried on. The act of 1895

does not purport to change or amend section 98, but it does adopt, by reference, the provisions of that section without repeating them, and this has always been regarded as a proper method of enacting laws. In *Turney* v. *Wilton,* 36 Ill. 385, the court had under consideration an act of 1847 referring to a previous act, and it was construed as if the provisions of the previous act, so far as applicable, were incorporated in it. The court said that whenever an act of the legislature confers powers which are recited in another act, the act to which reference is made is to be considered and treated as if it were incorporated into and made a part of the act which contains the reference. That decision is just as applicable under the present constitution as under the constitution of 1848, since the present constitution does not forbid legislation by such means where no law is revived or amended by the new act. The same doctrine has been held consistently under the present constitution, and it has been established by numerous decisions that where portions of another statute are adopted by reference, the effect of the legislation is the same as though the statute or the provision adopted had been incorporated bodily into the act. (*Snell* v. *City of Chicago,* 133 Ill. 413; *Culver* v. *People,* 161 id. 89; *City of Charleston* v. *Johnston,* 170 id. 336; *Town of Cicero* v. *McCarthy,* 172 id. 279; *Andrews* v. *People,* 173 id. 123; *People* v. *Glassco,* 203 id. 353; *People* v. *Crossley,* 261 id. 78.) That being the rule, and the act of 1895 not changing or amending section 98 but merely adopting it, the effect of the reference is the same as though section 98 had been incorporated bodily into the act of 1895, which thereby became a complete and independent act, free from constitutional objection.

It was for these reasons that the judgment was reversed and the cause remanded.          *Reversed and remanded.*