(No. 2046—

ELBERT J. CRABTREE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 23, 1933.*

A. B. JOHNSON, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to and on the 20th day of September, A. D. 1931, the claimant was employed by the State of Illinois as an automobile investigator in connection with the office of the Secretary of State. On the last mentioned date, he was called to Springfield by his superior officer for instructions relative to the duties of his office. While returning to his home on said date, at about eight o'clock p. m. and while traveling in a southerly direction on S.B.I.Route No. 4, at a point about one mile south of the corporate limits of Springfield, the motor vehicle then being operated by the claimant, was sideswiped by a truck and trailer without lights, which were proceeding in the opposite direction. The car which claimant was driving was swung across the road and into the ditch, and he avers that he sustained severe and permanent injuries, to-wit, the total loss of the use of the left arm, and that he has expended substantial sums for hospital and medical attention, and makes claim for compensation under the Workmen's Compensation Act.

The accident in question occurred on September 20th, 1931. The evidence fails to show that any claim for compensation was made within six months after the accident, or that any compensation was paid by the respondent, but does show that the declaration was not filed until more than one year had elapsed after the date of the injury.

The Attorney General has filed a motion to dismiss the claim for want of jurisdiction on the following grounds, to-wit:

1. The failure of the claimant to make claim for compensation within six months after the accident.

2. The failure of the claimant to file a declaration or application for compensation within one year after the date of the injury, as required by the terms and provisions of the Compensation Act.

The jurisdiction of the Court of Claims in cases of this character is derived from Paragraph six (6) of Section six (6) of "An Act to Create the Court of Claims, and to Prescribe its Powers and Duties," which provides that the Court of Claims shall have power:

"To hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by any employee of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the 'Workmen's Compensation Act', the Industrial Commission being hereby relieved of any duty relative thereto."

The Attorney General contends that by virtue of such provision this court is vested with the same jurisdiction in claims for compensation of State employees as that possessed by the Industrial Commission in cases properly before it, and that in the consideration of this case, the court must be guided by the provisions of the Workmen's Compensation Act, with particular reference to Section twenty-four (24) of such Act which provides that "no proceedings for compensation under this Act shall be maintained unless claim for compensation has been made within six months after the accident;" also that "unless application for compensation is filed with the Industrial Commission within one year after the date of the injury, or within one year after the date of the last payment of compensation, the right to file such application shall be barred."

The claimant contends that the aforementioned provisions of Section twenty-four (24) of the Compensation Act have no application to this case, and that the only limitation on the right of the claimant to file his declaration or application is the five-year Statute of Limitations, provided by Section ten (10) of the Court of Claims Act, and that the provisions of the Workmen's Compensation Act are to be considered

and applied by this court only in determining the *amount* of compensation to be paid.

It is a well established rule of law that a statute may adopt a part or all of another statute by a specific reference thereto, and the effect thereof is the same as though the statute or part thereof referred to, had been written into the adopting statute.

The case of the *Zurich Accident Insurance Co.* vs. *Industrial Commission,* 331 Ill. 576, was a case arising under the Occupational Diseases Act. Paragraph three (3) of Section Fifteen (15) of such Act, provided, among other things, that "proceedings for compensation hereunder shall be had and maintained in the same manner as is now or may be hereafter provided by the Workmen's Compensation Act with reference to proceedings for compensation for accidental injuries," etc.

It was contended in that case that Section thirteen (13) of the Constitution of this State was violated by reason of the reference to and incorporation of the provisions of the Workmen's Compensation Act in the Occupational Diseases Act without inserting such provisions at length in the Occupational Diseases Act. The court in that case (p. 580) said:

"The effect of that section is to incorporate into the Act all of the provisions of the Workmen's Compensation Act applicable. This is simply the familiar legislative process of adopting certain portions of another statute by reference. It is a method of legislation which is frequently followed and has uniformly been held to be free from constitutional objections. The effect of such reference is as though the statute or the provisions adopted had been incorporated bodily into the adopting statute."

The same rule is recognized and applied in the following cases, to-wit: *Evans* vs. *Illinois Surety Co.,* 298 Ill. 101; *Zeman* vs. *Dolan,* 279 Ill. 295; *People* vs. *Crossley,* 261 Ill. 78.

In the case of *Evans* vs. *Illinois Surety Co., supra,* the Supreme Court, on page 106, quoted with approval the following rule which was laid down in the case of *Zeman* vs. *Dolan, supra,* to-wit:

"Whenever an Act of the Legislature confers powers which are recited in another Act, the Act to which reference is made is to be considered and treated as if it were incorporated into and made a part of the Act which contains the reference."

It follows, therefore, that the terms and provisions of the Workmen's Compensation Act, so far as they may be appli-

cable, must be considered by this court in this case the same as though they were incorporated bodily into the Court of Claims Act.

The contention of the claimant to the effect that the provisions of the Workmen's Compensation Act are to be considered and applied by this court only in determining the *amount* of compensation, is untenable. Paragraph six (6) of Section six (6) of the Court of Claims Act gives this court power "to hear and determine the *liability* of the State for accidental injuries," etc., etc., and further provides that *such determination* shall be made in accordance with the rules prescribed by the Workmen's Compensation Act; and that the Industrial Commission is relieved of any duty thereto.

It seems clear that this court must, in the first instance, consider and determine the question as to whether there is a liability on the part of the State, and that in such consideration and determination, this court must be governed by the provisions of the Workmen's Compensation Act. In short, this court has the same jurisdiction with reference to claims for compensation for accidental injuries or death suffered in the course of employment by any employee of the State as that possessed by the Industrial Commission in claims of other persons whose rights must be determined by the Compensation Act.

Such being the case, the question arises as to the effect of the aforementioned provisions of Section twenty-four (24) of the Compensation Act relative to making claim for compensation within six months, and filing application for compensation within one year after the date of the injury, when considered in connection with Section ten (10) of the Court of Claims Act which provides that every claim against the State cognizable by the Court of Claims shall be forever barred unless filed within five (5) years after the claim first accrues.

In considering a similar proposition, our Supreme Court, in the case of *Robbins* vs. *Lincoln Park Commissioners*, 332 Ill. 571, stated the rule as follows (p. 579):

"The rule is, that where there is to be found in a statute a particular enactment, it is to be held operative as against the general provisions on the subject either in the same Act or in the general laws relating thereto. *Handtoffski* vs. *Chicago Traction Co.*, 274 Ill. 282; *City of Chicago* vs. *M. & M. Hotel Co.*, 248 id. 264; *City of Cairo* vs. *Bross.* 101 id. 475."

In the case of *Handtoffski* vs. *Chicago Traction Co.*, 274 Ill. 282, the Supreme Court (p. 286) said:

"It is a rule in the construction of statutes that 'where there is in the same statute a particular enactment and also a general one, which in its most comprehensive sense would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment.' Endlich on Interpretation of Statutes, sec. 399; *Chicago and Northwestern Railway Co.* vs. *City of Chicago*, 148 Ill. 141."

The rule is also stated in 59 *Corpus Juris*, p. 1056, as follows:

"Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them, the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute, unless it appears that the legislature intended to make the general Act controlling."

Section ten (10) of the Court of Claims Act which provides in substance that *every claim against the State cognizable by the Court of Claims* shall be forever barred unless the claim is filed within five years after the claim first accrues, is a general enactment which has application to all claims against the State. The terms and provisions of Section twenty-four (24) of the Compensation Act constitute a special enactment which has reference only to claims against the State *"for accidental injuries or death suffered in the course of employment by any employee of the State."* Applying such conclusions to this case, the terms and provisions of the special enactment, that is to say the terms and provisions of Section twenty-four (24) of the Compensation Act, must prevail over the general five year Statute of Limitations prescribed in the Court of Claims Act.

The effect of such holding is to establish a uniform rule with reference to making claim for compensation and filing application for compensation in all cases determined by the Workmen's Compensation Act, whether the claim be against the State or any other employer. To hold otherwise would establish one rule for State employees and an entirely different rule for any other employees; would permit State employees to recover compensation in cases under the Act if they make application within five years after the accident,

even though no prior claim for compensation had ever been made; while other employees would be required to make claim for compensation within six months after the accident and file their applications for compensation within one year after the date of the injury or within one year after the date of the last payment of compensation. We cannot conceive that the Legislature intended to make such an unjust distinction.

Furthermore, Section three (3) of the Compensation Act provides that "The provisions of this Act * * * shall apply * * * to the State, County, City, Town, Township, Incorporated Village, or School District, Body Politic or Municipal Corporation, and to all employers, and all their employees engaged in any department of the following enterprises or businesses," etc., etc.

Section four (4) of such Act provides that the term "employer" shall be construed to be "First—The State, and each County, City, Town, Township, Incorporated Village, School District, Body Politic or Municipal Corporation therein," etc.

Section five (5) of such Act provides that the term employees' shall be construed to mean "First—Every person in the service of the State, County, City, Town, Township, Incorported Village or School District, Body Politic or Municipal Corporation therein," etc.

It will be noted that in the foregoing provisions the State stands on exactly the same footing as the County, City, Town, Township, Incorporated Village, School District, Body Politic, Municipal Corporation, and all others named in such sections.

So far as we have been able to ascertain, all of the provisions of the Act apply with equal force to the State and to other employers named in the Act; and also apply with equal force to the employees of the State and to other employees named in the Act.

Apparently the framers of the Act intended that the provisions thereof should apply with equal force to the State and to all others coming within the provisions thereof.

As previously stated, the record fails to show that any claim for compensation was made within six months after the accident, or that any compensation was paid by the respondent; but does show that the declaration was not filed until more than one year had elapsed after the date of the injury. It remains to consider the effect of the failure to

comply with the aforementioned requirements of Section twenty-four (24) of the Compensation Act.

In the case of *City of Rochelle* vs. *Ind. Com.* 332 Ill. 386, our Supreme Court held that the making of claim for sompensation within the time required by the statute is jurisdictional, and is a condition precedent to the right to maintain a proceeding under the Compensation Act. The same conclusion was reached in the following cases, to-wit: *Inland Rubber Co.* vs. *Ind. Com.,* 309 Ill. 43; *Bushnell* vs. *Ind. Com.,* 276 Ill. 262; *Haiselden* vs. *Ind. Board,* 275 Ill. 114.

In the case of *DuQuoin School District* vs. *Ind. Com.,* 329 Ill. 543 it was held that where application for compensation is not filed within one year after the date of the injury, or within one year after the date of the last payment of compensation, the claim is absolutely barred. The same rule was laid down in the case of *Chicago Board of Underwriters* vs. *Ind. Com.,* 332 Ill. 511.

The making of claim for compensation, and the filing of application for compensation within the time required by the Act being a condition precedent to the right of the claimant to maintain this proceeding this court is without jurisdiction to proceed with the hearing. *Inland Rubber Co.* vs. *Industrial Commission,* 309 Ill. 43.

Although claimant in his declaration avers that ''he comes within the provisions of the Workmen's Compensation Act of 1911, as amended, and that his said employment is extrahazardous within the meaning and intent of Section three (3) of said Act,'' yet in his brief filed in opposition to the motion of the Attorney General to dismiss the case, he disclaims such averment and states that his claim is filed'' under the provisions of the Court of Claims Act, and upon the broad general recognized principal that the State of Illinois will do justice to an injured employee of the State.

This, in effect, is a reliance upon what is sometimes known as the doctrine of equity and social justice, and inasmuch as there are a number of claimants before this court who are invoking that doctrine, and who apparently contend that this court has unlimited jurisdiction and power to make an award against the State in any case where there are any equities in their favor, the court will give due consideration to the question thus raised.

Paragraph twenty-six (26) of Article four (4) of the Constitution of 1870 provides as follows: "The State of Illinois shall never be made defendant in any court of law or equity."

Prior to 1877 there was no tribunal in this State wherein claims against the State could be heard and determined. In 1877, the Legislature created the Commission of Claims, to be composed of one judge of the Supreme Court, and two circuit judges of the State, and in the Act creating such commission, provided that "it shall be the duty of said Commission to hear and determine all unadjusted claims of all persons against the State of Illinois, and said Commission shall hear and determine such claims according to the principles of equity and justice, except as otherwise provided in the laws of this State." The Commission of Claims continued to function without any substantial change in the powers above enumerated until 1903. In that year the Court of Claims was created by the Legislature, and in the Act creating such court, after setting forth specifically the character of claims which the court was authorized to hear and determine, it was provided in Section three (3) of the Act as follows: "And such court shall hear such claims according to its rules and established practice, and determine the same according to the principles of equity and justice, except as otherwise provided in the laws of this State." Such provisions remained in force until 1917 when the present Court of Claims was created.

Paragraph four (4) of Section six (6) of the Act of 1917 as then enacted and as now in force, provides that the Court of Claims shall have power to "hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, *ex contractu* and *ex delicto,* which the State as a sovereign commonwealth, should, in equity and good conscience, discharge and pay."

It will be noted that both the aforementioned Commission of Claims Act of 1877, and the original Court of Claims Act of 1903, provided for the determination of the claims over which the court was given jurisdiction "according to the principles of equity and justice;" while the present Act provides for the hearing and determination of "all claims and demands * * * which the State, as a sovereign commonwealth, should, in equity and good conscience, discharge and pay."

The first case involving the construction of the afore-mentioned provision of the Act of 1877 was the case of *Schmidt* vs. *State,* 1 Ct. Cl. 76, decided in 1890. In that case, the claimant, who was in the employ of the State as a cell-house keeper at the Southern Illinois Penitentiary at Chester, sought to recover damages for injuries sustained as the result of an assault made upon him by one of the convicts in such penitentiary while the claimant was in discharge of his duty. The Commission rejected the claim on the grounds that the State was not liable and stated that ''if it be conceded which the proof leaves in some doubt, that this convict obtained the stick used by him in an attack upon claimant, through the negligence or carelessness of some employee, then the rule of law seems to be firmly settled that the State　＊　＊　＊　cannot be held liable for the tort of any of its employees unless such liability is created by the statute　＊　＊　＊. The law creating this Commission does not undertake to create a new liability against the State but provides a method by which the claims against the State may be heard before this Commission.'' In its opinion the Commission further said:

"The point has been pressed in argument by counsel for claimant that the Legislature would have the right in a case of this kind, in its discretion, to allow a reasonable sum to persons injured, making an appropriation for its payment, although the claim was strictly speaking, neither a legal or equi-table claim, and that the intent of the Act creating this Commission was to transfer to the Commission the same discretionary power that the Legislature would have; or, in other words, that the Commission would be justified although believing the claim was neither an equitable nor legal claim against the State, in its discretion to make an award against the State and in favor of the claimant. To this proposition we cannot assent. It is our understand-ing that in the use of the language 'to determine the same according to the principles of equity and justice' is meant and used with a legal signification and that this Commission has no power to make an award in any case unless the facts show a legal or equitable claim against the State. We do not believe it was the intention of the Legislature to leave it discretionary with the Com-mission to make an award in favor of the claimant regardless of the question as to whether he had a legal claim against the State.

We are of the opinion, further, that it would be an exceedingly dangerous precedent to hold that the Commission had any such discretion. While it is true and we have endeavored in this case to find some principle upon which we might make an award in favor of this claimant, that his health and useful-ness has been practically destroyed, recognizing that it is one of those cases appealing strongly to the sympathy of those who have heard this evidence, or are familiar with the facts of the case and we cannot but believe that if the facts of this case are presented to the Legislature of this State that some

relief will be granted to this unfortunate claimant; but, at the same time we feel compelled to hold that we have no power, under the facts, to make an award in his favor and for that reason we reject the claim."

In the case of *Henke* vs. *State*, 2 Ct. Cl. 11, decided after the creation of the original Court of Claims, in 1903, the law as set forth in the case of *Schmidt* vs. *State*, was approved, and the court there declared that the opinion rendered in the Schmidt case "has been an established principle, closely followed by this court ever since, in the adjudication of similar cases." This court in the Henke case further stated:

"The Act of 1903, creating the Court of Claims, successor to the Commission of Claims, re-enacts the section referred to, and, since the passage of the Act of 1903, this Court has still uniformly held to the doctrine that in the establishment of this tribunal, it was not the intention to create a new class of claims against the State, but to provide a tribunal to determine those claims against the State which civilized governments have always recognized."

In the case of *Jorgenson* vs. *State*, 2 Ct. Cl. 134, this court said:

"In the adjudication of claims filed against the State of Illinios, this Court, from the nature and purposes of its creation, is limited to a consideration of the question, whether, from the facts alleged and proven, any legal liability attaches to the State and no authority or power is vested in this Court to allow any claim presented for consideration unless the facts alleged and proven show the existence of such a legal liability."

\* \* \* \* \* \* \* \* \* \*

"In passing upon the demurrer herein interposed, the Court recognizes the meritorious nature of the claim presented, the unfortunate character of the occurrence and the resulting consequences to the claimant, but being limited, as before stated, to a consideration of the issues involved from the standpoint of the legal liability of the State in such cases, this Court is forced to sustain the demurrer."

In the case of *Morrisey* vs. *State*, 2 Ct. Cl. 254, the court, on page 270 said:

"This Court has repeatedly held, that the statute which creates this Court does not increase or enlarge the liability of the State, but provides only the forum, wherein claims may be adjudicated according to the principles of equity and justice, except as otherwise provided by law. \* \* \* This appears to be a harsh rule, but we do not make the law and can only interpret it as we find it, and much as we would like to find a judgment for the claimant in this case, considering the facts as they are we must reject this claim."

In the case of *Ryan* vs. *State*, 4 Ct. Cl. 57, which arose under the present Act, this court said:

"Counsel for claimant contends that the Act of 1917, creating the Court of Claims, has practically repealed the rule that the doctrine of respondent superior does not apply to the State, and that this Court should hear and allow claims of this kind on the ground that they should appeal to the good conscience and equity of the Court. This Court has held in other cases presented at this term of Court, that said Act does not authorize this Court to allow any claims which are not based on principles of law and equity, however much such cases might appeal to the sympathies of the Court  *  *  * The claim is therefore rejected."

We are cognizant of the fact that some time after the decision of the court in the Ryan case, *supra*, in a number of decisions which apparently held a strong appeal to the sympathy of the court, it departed from the strict rule laid down in the cases hereinbefore referred to, and thereafter allowed certain claims on which there was no legal liability against the State, on grounds which were characterized, first, as social justice, then as social justice and equity, and afterwards as equity and good conscience.

This continued for some time, and thereafter the court evidently becoming aware of the dangerous tendency of its decisions and the extent to which they were being carried, and apparently recognizing that there was no legal warrant or authority therefor, began gradually to get back to the original holdings of the court to the effect that this court has no authority or power to allow any claim presented for consideration, unless the same is based upon a legal or equitable right.

In the case of *Mercer* vs. *State*, 6 Ct. Cl. 20, this court, on page 21, said:

"But it is urged that the claim should be allowed as a matter of equity. There is nothing in the record of this case to call for equitable relief. The State, being sovereign, cannot be sued, either at law or in equity, without its consent. In order that there might be a forum in which claims and demands against the State could be adjudicated in accordance with the well known principles of law and equity the Legislature created the Court of Claims, and gave it jurisdiction to hear and decide all claims and demands against the State, both legal and equitable. It was not the intention of the Legislature in creating this Court to give it unlimited power or jurisdiction to make awards to claimants, and it has no power to make an award unless the evidence shows the claimant has a just demand based on either legal or equitable principles."

In the case of *Peterson* vs. *State*, 6 Ct. Cl. 77, the claimants recognized that their claims were not founded upon a legal

basis, and asked for an award on account of equity and good conscience. In that case the court cited with approval the aforementioned case of *Schmidt* vs. *State, supra,* also *Jorgensen* vs. *State, supra,* and *Murdock Grate Co.* vs. *Commonwealth, infra,* and further said:

"It is plain from the language of this statute (The Court of Claims Act) that no claim against the State can be allowed by this Court unless there is either a legal or equitable obligation of the State to pay it. Before a claimant can have an award against the State, he must show that he comes within the provisions of some law making the State liable to him for the amount claimed. If he cannot point out any law giving him the right to an award, he cannot invoke the principle of equity to secure the award. Where there is no legal liability, equity cannot create one. (10 R. C. L. sec. 132.) Equity is not the court's sense of moral right; it is not the power of the court to decide a case according to the high standard of abstract right, regardless of the law. * * * To give this statute the construction contended for by claimant would result in giving this court the power to hold the State liable for the misfeasance and malfeasance of all its officers, the torts of all its servants and agents, and all damages caused by the wrongful exercise of their powers by such officers and agents. We do not believe the Legislature intended any such radical and far-reaching change in the law when it enacted the statute creating this Court."

In the case of *Perry* vs. *State,* 6 Ct. Cl. 81, this court on page 84, said:

"Claimant urges, however, that he should be awarded compensation as an act of justice and equity regardless of the principles of law involved. The jurisdiction of this Court is fixed by law and it has no powers except those given by the Act creating it. Section Six (6) of that Act provides: 'The Court of Claims shall have power to hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, *ex contractu* and *ex delicto,* which the State, as a sovereign commonwealth, should in equity and good conscience discharge and pay'. It is obvious from the language of this statute that no claim against the State can be allowed by this Court unless there is either a legal or equitable obligation of the State to pay it. If there is either a legal or equitable obligation resting upon the State to pay a claim, then justice requires that the State should pay it. * * *

"Claimant's idea seems to be that equity is used in this statute as nothing more nor less than the power of the court to decide each case according to a high standard of morality and abstract right, regardless of the law. Such a construction would leave this Court with practically no limitation upon its power to render judgments against the State. * * * When the Legislature created this Court and clothed it with power to hear claims against the State we do not think it thereby intended to waive the right of the State to interpose any legal or equitable defense it might have to the demands of claimants. * * *

"Claimant's demand, not being based upon any legal or equitable right, cannot be allowed, however strongly it may appeal to the sympathy of the Court. The Court can only enforce the law as it is, it has no power to change it. The claim will therefore be denied and the cause dismissed."

The case of *Watkins* vs. *State*, 6 Ct. Cl. 172, was another case in which the doctrine of equity and good conscience was fully considered, and the early decisions of this court in *Schmidt* vs. *State*, 1 Ct. Cl. 76, and *Jorgensen* vs. *State*, 2 Ct. Cl. 134, were adhered to and the right to allow a claim solely on the grounds of equity and good conscience was denied. In that case the court said (p. 174):

"Before a claimant can have an award against the State he must show he comes within the provisions of some law making the State liable to him for the amount claimed. If he cannot point to any law giving him the right to an award, he cannot invoke the principle of equity to secure the award. Where there is no legal liability, equity cannot create one."

Numerous other decisions of this court since the Watkins case have adhered to the principles there announced. The same conclusion has been reached by the courts in other jurisdictions.

In the case of *Murdock Grate Co.* vs. *Commonwealth*, (Mass.) 24 N. E. 854, the court, in passing upon a similar statute in that State, said:

"The Act we are discussing discloses no intention to create against the State a new and heretofore unrecognized class of liabilities, but only an intention to provide a judicial tribunal where well recognized existing liabilities can be adjudicated."

In the case of *City of Leadville* vs. *Leadville Power Co.*, (Colo.) 107 Pac. 801, the court, on page 813, used the following language:

" 'Equity and good conscience' is an elastic phrase often applied in adjudicating the rights of parties, but it is not a doctrine or rule under which a party will be deprived of his property without due process."

Certainly such rule should apply with equal force to the taxpayers of a State, from whom the revenue to pay all claims must come.

In the case of *Slaughter* vs. *Martin*, (Ala.) 63 So. 689, the term "equity and justice" was held to mean, according to the forms, rules and principles of law as established by the Legislature and declared by the courts.

In the case of *Thornton* vs. *Lane,* 11 Ga. 459, it was held that the word "equity" as used in the oath administered to a special jury, by which they were sworn to give a true verdict, according to the "equity" on the opinion they entertained of the evidence produced to the best of their knowledge, is a convertible term with "law" and means not that the verdict should be given according to some vague, undefinable opinion which the jury might entertain of equity, but according to a system of jurisprudence governed by established rules and bounded by a fixed precedent, from which the jury were not permitted to depart, however liable to objections these rules and precedents might be, in their judgment.

In the case of *Steger* vs. *Traveling Men's Business Association,* 208 Ill. 236, the court, on page 244, used the following language:

"It must be remembered that while equity is based upon moral right and natural justice, it is not co-extensive with them. Equities are rights which are established and enforced in accordance with the principles of equity jurisprudence under some general principle or acknowledged rule governing courts of equity."

Counsel for claimant in his brief makes reference to the Fergus case (*Fergus* vs. *Russel,* 277 Ill. 20), but there is nothing in the decision of the court in that case which authorizes this court to allow an award to the claimant in this case. We are cognizant of the fact that the aforementioned grant of authority by the Legislature to the Court of Claims does not deprive the Legislature itself of the power to pay claims against the State. As said by the Supreme Court in the Fergus case:

"The Court of Claims is a statutory body not provided for in the Constitution, and its action can have no effect upon the power of the Legislature to pay claims against the State."

Regardless, however, of the power of the Legislature to pay claims on its own initiative, this court in passing on claims can exercise only such authority and power as have been delegated to it under the terms and provisions of the Court of Claims Act as hereinbefore set forth and construed.

We conclude, therefore, that Section four (4) of Paragraph six (6) of the Court of Claims Act, which provides as follows, to-wit: The Court of Claims shall have power: "to hear and determine all claims and demands, legal and equit-

able, liquidated and unliquidated, *ex contracto* and *ex delicto,* which the State as a sovereign commonwealth, should, in equity and good conscience, discharge and pay''; merely defined the jurisdiction of the court, and does not create a new liability against the State, nor increase or enlarge any existinging liability; that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity, if the State were suable; that this court has no authority to allow any claim unless there is a legal or equitable obligation on the part of the State to pay the same, however much the claim might appeal to the sympathies of the court; that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award.

The claimant having failed to bring himself within the provisions of the law entitling him to an award, there is nothing this court can do but deny the claim.

IT IS THEREFORE ORDERED, That the motion of the Attorney General to dismiss the case be sustained, and the claim is hereby dismissed.