(No. 1881—)

JOSEPH KUMP, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 9, 1934.*
*Rehearing denied, November 13, 1934.*

JAMES E. BURKE, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Plaintiff filed his declaration with the Clerk of the Court of Claims on February 25, 1932, for injuries received on the 8th day of June, A. D. 1929, while employed by the State of Illinois as a carpenter in the Division of Waterways. The complaint avers that while so employed, he fell from a scaffold, breaking his right wrist in two places and that as a proximate result thereof he suffered total temporary incapacity from June 8, 1929, to August 12, 1929, and suffered a serious and permanent disfigurement to his right hand in this, that the right wrist of plaintiff is greatly enlarged and will remain so permanently. A Bill of Particulars attached to said claim asks ''for one week of temporary total incapacity from work at $66.00 per week as provided in Act entitled 'Workmen's Compensation Act,' $20.00. For ninety per cent loss of right hand, $3,060.00.'' Claimant was married and had five children under the age of sixteen years. He was drawing wages of $12.00 per day on a five and one-half day week basis, making $66.00 per week. Under the Statutes in force at the time of the accident, the claimant, if compensation was awarded, would be allowed a maximum of $19.00 per week. The proof shows that claimant was employed under the Illinois Waterway Act and was injured in the course of his duties. Further

that he was paid $168.00 for the period from June 8, 1929, until August 12, 1929.

In his complaint, claimant asks relief because of "the serious and permanent disfigurement to his right hand," but the Bill of Particulars filed by him asks relief for "90% loss of use of right hand."

The Attorney General has filed a motion to dismiss the claim by reason of the fact that the complaint shows the injury to have occurred on June 8, 1929, and the declaration was not filed until February 25, 1932, and that under Section 24 of the Workmen's Compensation Act a recovery is therefore barred. Claimant in his reply brief contends that the fact that he was employed under the Illinois Waterway Act exempts him from the limitations set out in Section 24 of the Workmen's Compensation Act. Claimant cites Section 25 of the Waterway Act, which provides,

"The State shall be liable for accidental injuries or death suffered by any employee arising out of and in the course of his employment, the amount of such liability to be ascertained by reference to the provisions of the Act commonly called 'The Workmen's Compensation Act'. The Court of Claims shall have and exercise jurisdiction over all claims for compensation hereunder, and shall make and file its finding and determination in such case."

Claimant contends that by the wording of this section the Court of Claims should give consideration to and be guided by the Workmen's Compensation Act *only* in determining the amount of liability of the State, and that application of all other provisions of the Compensation Act are excluded from consideration by this court by reason of the fact that in said Section 25 of the Waterway Act the express charge is given to the Court of Claims to find "the amount of such liability".

Counsel for claimant contend "that the inclusion in a Statute of specific powers amounts to an exclusion of all other powers" and extend their brief upon that proposition. The court is of the opinion that the wording in Section 25 of the Waterway Act is not a grant or limitation of a specific power to the exclusion of general powers, and is of the further opinion that the words there used, to-wit: "The amount of such liability to be ascertained by reference to the provisions of the Act commonly called the Workmen's Compensation Act" are a direction to this court to refer to all of the provisions of the

Workmen's Compensation Act determining what, if any amount is due in each particular case.

The Illinois Waterway Act was passed and approved June 17, 1919. Prior to the time of its passage, the Legislature had already provided for the hearing of all claims by this court against the State of Illinois. By Section 24 of the Waterway Act, the liability of the State for damages to real estate and personal property incident to the operation of the Illinois Waterway and its appurtenances was placed within the forum of and made determinable by the Department of Public Works and Buildings. It was apparently the desire of the Legislature to make clear its intention that claims for damages by employees engaged in the waterway project should be left within the jurisdiction of the Court of Claims for determination. As stated in Section 25 of the Waterway Act,

"The Court of Claims shall have and exercise jurisdiction over all claims for compensation hereunder."

There is nothing contained in the wording of said section or elsewhere in the Waterway Act which indicates that the Court of Claims, in exercising its jurisdiction, should give to employees of the Illinois Waterway any different consideration in regard to the requirements as to notice and filing of claim and other provisions of the Workmen's Compensation Act than those applied to all other employees of the State.

There is no conflict between Section 25 of the Waterway Act and the Workmen's Compensation Act or between the said Section 25 and the Court of Claims Act, and the court is of the opinion that no different rule should be applied by the Court of Claims in passing upon claims for compensation made by employees under the Waterway Act and claims for compensation by other State employees.

The legislative Act by which the Court of Claims exists provides that,

"The Court of Claims shall hear and determine the liability of the State for accidental injuries or death * * * by *any* employee: Further that such determination shall be made in accordance with the rules * * * of the Workmen's Compensation Act."

Section 6, Court of Claims Act.

There is nothing in Section 25 of the Waterway Act that repeals, adds to or modifies this enactment. Section 25 merely provides that,

"The amount of such liability shall be ascertained by the Court of Claims by reference to the *provisions* of * * * the Workmen's Compensation Act."

But one cannot read into that language any intent to repeal or modify the existing law under which the Court of Claims hears compensation cases, nor does the court feel justified in reading into the wording of said Act the word "*only*" as counsel for claimant insists should be done when he says that said Section 25 provides "that *only* the amount of such liability shall be ascertained by the court, etc".

As suggested by counsel for claimant, this court did hold in the Crabtree case (7 C. C. R. 207) that the particular enactment of the Compensation Act making specific limitations as to time for notice and filing of claims operated as against the general enactment of the Court of Claims Act in regard to five year limitations on general claims, but the court does not believe that the wording of Section 25 of the Waterway Act can be construed as in conflict with the Compensation Act or in conflict with the general powers of the Court of Claims in workmen's compensation cases. Under the theory advanced by counsel for claimant, no limitations of time of any kind would exist within which an employee engaged in Illinois Waterway construction work would be compelled to file his claim. Even the five year limitation prescribed by the Court of Claims Act would not apply and the claimant could file his claim irrespective of how many years had passed since the purported accident had occurred. The Court does not believe that such was the intention of the Legislature.

It appears from the record herein that no claim for compensation was made within six months after the accident and no application for compensation was filed within one year after such accident. Under the provisions of the Waterway Act, this court is to find the amount due the claimant by reference to the provisions of the Workmen's Compensation Act. The court finds that there is no amount due, by reason of the failure of claimant to comply with the provisions of Section 24 of the Workmen's Compensation Act in regard to filing his claim for compensation within one year after the accident in question. Claim dismissed.

CHIEF JUSTICE HOLLERICH, dissenting:

I am not in accord with the majority opinion.

Section 23 of the Illinois Waterway Act provides as follows:

"The State *shall* \* \* \* \* \* \* *be liable* for all damages to persons caused by the construction, maintenance or operation of the "Illinois Waterway" and its appurtenances, such damages to persons who are employees to be ascertained, determined and fixed as provided in this Act."

Section 24 of such Act provides as follows:

"All claims for damages to persons (except to employees) and all claims for damages to property, real or personal, shall be ascertained, determined and fixed by the Department of Public Works and Buildings, and paid out of any moneys which shall from time to time be provided for the payment of such claims"; etc. etc.

Section 25 of such Act provides as follows:

"In case the Department of Public Works and Buildings shall construct such waterway or its appurtenances, or any part or parts thereof, by the direct employment of services, labor, materials and equipment, *the State shall be liable* for accidental injuries or death suffered by any employee arising out of and in the course of his employment, the *amount* of such liability to be ascertained by reference to the provisions of the Act commonly called the "Workmen's Compensation Act." The Court of Claims shall have and exercise jurisdiction over all claims for compensation hereunder and shall make and file its findings and determination in each case."

Paragraph 6 of Section 6 of the Court of Claims Law provides that the Court of Claims shall have power ''to hear and determine the liability of the State for accidental injuries or death suffered in the course of employment *by any employee* of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the ''Workmen's Compensation Act,'' the Industrial Commission being hereby relieved of any duty relative thereto.''

The first question to be determined, therefore, is the question as to the manner in which these several statutory provisions shall be construed.

The aforementioned provision of the Court of Claims Law is a general provision relative to injuries sustained ''by any employee of the State'' and is a part of the Court of Claims Law in force July 1, 1917. The aforementioned provisions of the Waterways Act are special provisions which apply only to such State employees as come within the provisions of such Act, which was approved June 17, 1919. The rule of construction in such cases as laid down by our Supreme Court, is as follows:

"The rule is that where there is to be found in a statute a particular enactment, it is to be held operative as against the general provisions on the same subject either in the same Act or in the general laws relating thereto"; *Robbins* vs. *Lincoln Park Commrs.*, 332 Ill. 571.

In the case of *Handtoffski* vs. *Chicago Traction Co.*, 274 Ill. 282, the Supreme Court (p. 286) said:

"It is a rule in the construction of statutes that 'where there is in the same Statute a particular enactment and also a general one, which in its most comprehensive sense would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment.' Endlich on Interpretation of Statutes, Sec. 399; *Chicago and Northwestern Railway Co.* vs. *City of Chicago*, 148 Ill. 141."

The rule is also stated in 59 Corpus Juris, p. 1056, as follows:

"Where there is one Statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them, the special Statute, or the one dealing with the common subject matter in a minute way, will prevail over the general Statute, unless it appears that the legislature intended to make the general Act controlling."

A similar question was considered by this court in the case of *Crabtree* vs. *State*, 7 C. C. R. 207. The question there involved was as to whether the 5-year Statute of Limitations provided by Section 10 of the Court of Claims should prevail over Section 24 of the Workmen's Compensation Act in a case under such Act. We there held that Section 10. of the Court of Claims Act was a general provision which by its terms applied to every claim against the State cognizable by the Court of Claims, whereas Section 24 of the Compensation Act applied only to claims against the State for accidental injuries or death suffered in the course of employment by an employee of the State; that Section 24 of the Compensation Act was a particular provision, which should prevail over the general provision contained in Section 10 of the Court of Claims Act. I feel that the same conclusion must be reached in this case, to-wit: that the provisions of the Waterways Act are special provisions, and so far as they are inconsistent with the general provisions of the Court of Claims

Act, including the Workmen's Compensation Act which by reference is included in the Court of Claims Act and made a part thereof, such special provisions must prevail.

Applying the law as above set forth to the case before us, leads to the following conclusions:

Paragraph 6 of Section 6 of the Court of Claims Act gives this court the power to *"hear and determine the liability* of the State for accidental injuries or death suffered \* \* \* by any employee of the State", and further provides that such determination shall be made in accordance with the rules prescribed by the Workmen's Compensation Act. In cases which arise under the provisions of Paragraph 6, Section 6 of the Court of Claims Law, this court, in the first instance, must consider and determine the question as to whether there is a *liability* on the part of the State, and in the consideration and determination of such question this court must be governed by the provisions of the Workmen's Compensation Act; hence the previous decisions of this court in cases arising under Section 6 aforesaid, to the effect that unless there is a compliance with the requirements of Section 24 of the Workmen's Compensation Act, there is no liability on the part of the State.

Cases which arise under the Illinois Waterway Act, however, are governed by the special provisions of that Act, and stand upon an entirely different basis. Section 23 of such Act provides that "The State shall also be *liable* for all damages to persons caused by the construction, maintenance or operation of the Illinois Waterway," etc., and Section 25 of such Act provides that in case the Department of Public Works and Buildings shall construct such Waterway by the direct employment of labor, etc., "the State *shall be liable* for accidental injuries or death suffered by any employee arising out of and in the course of his employment," and further, "the *amount* of such liability to be ascertained by reference to the provisions of the Act commonly called the Workmen's Compensation Act."

In cases arising under the Illinois Waterway Act, where the Department of Public Works and Buildings is constructing the Waterway, by the direct employment of labor, as in this case, the State assumes liability for all accidental in-

juries or death suffered by any employee arising out of and in the course of his employment. In such cases the jurisdiction of the Court of Claims is limited to a determination of the question as to whether the injuries arose out of and in the course of the employment of the employee; if so, the State assumes liability therefor, and the court must then determine the amount of such liability under the provisions of the Workmen's Compensation Act.

In short, there is a material difference between the general employees of the State who come under the provisions of the Workmen's Compensation Act, and those employees of the State who come under the provisions of the Illinois Waterway Act.

In the case of the general employees of the State who claim to have sustained accidental injuries arising out of and in the course of their employment, the court must determine first whether there is a liability on the part of the State, and such determination must be made under the terms and provisions of the Workmen's Compensation Act. If there is such liability, then the court determines the amount thereof under the terms and provisions of such Act.

In the case of employees of the State who come under the Waterway Act, and who claim to have sustained accidental injuries arising out of and in the course of their employment, it is not necessary for this court to consider the question of the liability of the State, as such liability has been specifically assumed by Sections 23 and 25 of the Waterway Act. The only question to be determined in such cases is whether the injuries arose out of and in the course of the employment of the employee. If so, the State has assumed liability therefor, and the *amount* of such liability is then to be determined by the court under the terms and provisions of the Workmen's Compensation Act.

The majority of the court takes the position that no different rule should be applied in passing upon claims for compensation made by employees under the Waterways Act, and claims for compensation made by other State employees. It seems to me, however, that the Legislature recognized the dangerous character of the work to be done pursuant to the Waterways Act, and on account of the dangerous character of such work, decided that the State should assume liability

for all accidents occurring to any of the workmen where the Department of Public Works and Buildings is constructing the Waterway, provided the injury arose out of and in the course of the employment. The wisdom of making such a distinction may be questionable, but that matter is for the Legislature and not for this court. The Legislature having provided that the State shall be liable for accidental injuries or death suffered by any employee arising out of and in the course of his employment, I feel that this court is bound by such provision at law.

The majority opinion also takes the position that unless the provisions of Section 24 of the Compensation Act shall control, there is no limitation of time whatever within which an employee engaged under the Waterways Act would be compelled to file his claim, and that the 5-year Statute of Limitations prescribed by the Court of Claims Act would not apply. I cannot agree with that conclusion. Section 10 of the Court of Claims Act provides that ''Every claim against the State cognizable by the Court of Claims shall be forever barred unless the claim is filed with the secretary of the court within five years after the claim first accrues,'' etc. This provision, I maintain, applies to every case cognizable by the Court of Claims, unless and until the Legislature provides otherwise. We have heretofore held that the Legislature has provided otherwise as to Workmen's Compensation cases (*Crabtree* vs. *State*), and I contend that as to all cases other than Workmen's Compensation cases, the general terms of Section 10 will continue to apply unless and until otherwise provided by legislative enactment.

In this case there is no question but what the claimant sustained accidental injuries arising out of and in the course of his employment in connection with the construction of the Illinois Waterway by the Department of Public Works and Buildings, and I am therefore of the opinion that he is entitled to be compensated therefor under the terms and provisions of the Workmen's Compensation Act.

The majority having decided, however, that the case must be dismissed, it would be useless to make a computation of the amount which, in my judgment, the claimant is entitled to receive.